# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 1998-CA-01621-SCT

*MARSHA LEE HOFFMAN*

*v.*

*PARACELSUS HEALTH CARE CORPORATION, INDIVIDUALLY, AND d/b/a SENATOBIA COMMUNITY HOSPITAL, HENRY GRADY MARLOW, M.D., JOHN LEBARREARE, M.D., AND DOCTORS JOHN L. BLACK AND HENRY G. MARLOW, III, P. A.*

| | |
|---|---|
| DATE OF JUDGMENT: | 09/03/1997 |
| TRIAL JUDGE: | HON. ANDREW C. BAKER |
| COURT FROM WHICH APPEALED: | TATE COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | JAMES E. HOLLAND |
| | JAMES F. SCHAEFFER, SR. |
| ATTORNEYS FOR APPELLEES: | CLIFFORD B. AMMONS |
| | MILDRED M. MORRIS |
| | GERALD W. CHATHAM, SR. |
| | TOMMIE G. WILLIAMS |
| | TAMMRA O. CASCIO |
| NATURE OF THE CASE: | CIVIL - MEDICAL MALPRACTICE |
| DISPOSITION: | REVERSED AND REMANDED - 12/16/1999 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 01/06/2000 |

## BEFORE SULLIVAN, P.J., SMITH AND MILLS, JJ.

## SMITH, JUSTICE, FOR THE COURT:

### STATEMENT OF THE CASE

¶1. This case comes to this Court on appeal from a final order of the Circuit Court of Tate County, Mississippi, Honorable Andrew C. Baker, presiding, dismissing the suit of Marsha Lee Hoffman for failure to prosecute the action. Subsequent to the order of dismissal, Hoffman filed a motion for a new trial, or in the alternative, relief from judgment of the order. At the time of the dismissal order, the suit was pending against Paracelsus Health Care Corporation, Individually, and d/b/a Senatobia Community Hospital("SCH") , Henry Grady Marlow, M.D., John LeBarreare, M.D., and Doctors John L. Black and Henry G. Marlow, III, P.A.. Drs. Marlow and LeBarreare have a private medical practice under the auspices of Drs. John L. Black and Henry G. Marlow, Professional Association. The main question on this appeal is whether the lower court abused its discretion in dismissing the case for lack of prosecution.

## STATEMENT OF THE FACTS

¶2. Marsha Lee Hoffman was involved in a one-car collision on June 10, 1990 in which she suffered a broken neck. She was taken to SCH and was seen by Dr. Marlow in the emergency room. She was treated for a fractured right clavicle and discharged. After treatment, Hoffman continued to suffer excruciating pain and began to develop numbness in the extremities and a severe burning sensation in her neck. On June 13, 1990, Hoffman went to Black and Marlow, P.A. where she was seen by Dr. LeBarreare. Dr. LeBarreare alledgedly failed or neglected to properly diagnose and treat Hoffman. Still experiencing pain, Hoffman continue to call the offices of the defendants on a daily basis but was denied or refused medical treatment. On June 21, 1990, Hoffman went to the emergency room at SCH with complaints of severe neck pain and numbness in the extremities. She was found to have sustained a fracture and dislocation of cervical vertebrae. Hoffman was then transported by ambulance from SCH to Methodist Hospital Central in Memphis, Tennessee, where she has undergone numerous surgical procedures and rehabilitative treatment.

¶3. A medical malpractice action was filed by Hoffman in the Tate County Circuit Court against Paracelsus Health Care Corporation, Individually, and d/b/a Senatobia Community Hospital, Henry Grady Marlow, M.D., Dr. John LeBarreare, M.D, and Drs. John L. Black and Henry G. Marlow, III, P.A.

¶4. This matter was set for trial on August 2, 1993. On July 15, 1993, Hoffman filed a Motion for Continuance of Trial Date. An Order was entered by the court continuing the trial for May 16, 1994. Hoffman requested a continuance of this trial date by motion filed on March 25, 1994. On October 12, 1994, the defendant's jointly filed a Motion to Dismiss for lack of prosecution, or in the alternative for a trial setting. As a result of this motion, a trial date was scheduled for May 15, 1995, but this date was continued, and a new trial date was reset for October 30, 1995.[1]

¶5. Prior to the October 30, 1995 trial date, defendants, Black and Marlow, P.A., filed a petition in bankruptcy in the U.S. Bankruptcy Court for the Northern District of Mississippi, and an automatic stay was imposed. Hoffman took no action to lift the stay. Hoffman requested the status of the bankruptcy by letter to opposing counsel dated March 12, 1996. Hoffman was advised on March 19, 1996, by opposite counsel that the bankruptcy had been resolved. Hoffman then sent a letter to the Circuit Court Clerk pursuant to Rule 9.02 of the Mississippi Uniform Rules of Circuit and County Court on May 24, 1996, requesting that this case be placed back on the court's active docket in order that it may come up for scheduling of a trial date. Counsel for Hoffman also asked the court in this letter to inform them if a formal motion was needed in order for the case to be put on active status. The case was not set for trial and no further inquiry was made by Hoffman. During August 20-21,1997, more than six years after this suit was filed, all defendants filed a motion to dismiss for lack of prosecution. Dr. LaBarreare filed pursuant to the provisions of M.R.C.P. 41(d) which was joined by SCH. Dr. Marlow and Black and Marlow, P.A., requested the court to grant a motion to dismiss for lack of prosecution.

¶6. An order of dismissal was entered on September 3, 1997. On September 4, 1997, Hoffman filed a motion for pretrial conference and a reply to defendant's motion to dismiss. On September 15,1997, Hoffman filed a Rule 59 Motion for New Trial or Amendment of Judgment, or in the Alternative, Rule 60 Relief from Judgment or Order. Between September 22-25, 1997, the defendants, filed their response to Hoffman's motion.

¶7. Hoffman filed a motion requesting oral argument on October 3, 1997. The trial court entered an order denying the Rule 59 motion for new trial; for amendment of judgment or in the alternative, Rule 60 relief from judgment or order. This order was treated as withdrawn on October 2, 1998 with the trial court entering its Final Order, September 14, 1998, stating, "after studying the matter on two separate occasions, the inaction of Hoffman was deliberately careless, and thus warranted an order of dismissal with prejudice." The trial court noted the numerous continuances at the request of Hoffman and acknowledged the lack of discovery since September 1995, as well as the inaction since March 1996. The Rule 59 motion and the Rule 60 motion were denied.

## DISCUSSION OF LAW

### l. WHETHER THE LOWER COURT ABUSED ITS DISCRETION BY DISMISSING THE CASE WITH PREJUDICE PURSUANT TO M. R. C. P 41(b).

¶8. Hoffman submits that the trial court abused its discretion in dismissing this cause with prejudice because there was no egregious or contumacious conduct that would require this drastic penalty. In the order continuing the May trial date and setting the October trial date, the trial court found both "agreement of the parties" and "good cause" as grounds for granting the continuances. In dismissing the case with prejudice, the court clearly exceeded the limitation of Rule 41(b).

¶9. M.R.C.P. 41 provides:

> (b) Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court may then render judgment against the plaintiff or may decline to render judgment on the merits against the plaintiff, the court may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff, the court may make findings as provided in Rule 52(a). Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any other dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

¶10. "[T]he power to dismiss an action for want of prosecution is part of a trial court's inherent authority." *Wallace v. Jones,* 572 So. 2d 371, 375(Miss. 1990). This power is "a means necessary to the orderly expedition of justice and the court's control of its own docket." *American Tel. & Tel. Co. v. Days Inn of Winona*, 720 So. 2d 178 (Miss. 1998)quoting *Watson v. Lillard*, 493 So. 2d 1277,1278 (Miss.1996). Where a motion is made, its disposition is governed by Rule 41(b), which is the same under the federal system and our own rules of civil procedure. *American Tel.& Tel.,* 720, So.2d at 180. A substantial body of law has grown up around the federal rule. *Id.* It does not, of course, bind this Court as precedent, but it provides useful guidelines for our consideration. **Id.**

¶11. In reviewing a trial court's decision to dismiss under Rule 41(b), this Court may reverse only if it finds that the trial court abused its discretion. *Wallace*, 572 So. 2d at 375. At the same time, the law favors trial of issues on the merits, and dismissals for want of prosecution are therefore employed reluctantly.

*American Tel. & Tel.,* 720 So.2d at180. There is no set time limit on the prosecution of an action once it has been filed, and dismissal for failure to prosecute will be upheld only "where the record shows that a plaintiff has been guilty of dilatory or contumacious conduct." *Id.* at 180. This Court is mindful of the fact that "dismissal with prejudice is an extreme and harsh sanction that deprives a litigant of the opportunity to pursue his claim, and any dismissals with prejudice are reserved for the most egregious cases." *Wallace,* 572, So. 2d at 376. What constitutes failure to prosecute depends on the facts of the particular case. *Id.*

¶12. The Fifth Circuit stated that "Rule 41(b) dismissals with prejudice will be affirmed only upon a showing of 'a clear record of delay or contumacious conduct by the plaintiff,'..., and where lesser sanctions would not serve the best interests of justice."*American Tel. & Tel.*, 720 So. 2d at 181 (citing *Rogers v. Kroger Co*., 669 F.2d 317 (5th Cir. 1982)). While the requirements of a clear record of delay by the plaintiff and futile lesser sanctions have been articulated the most consistently, several other factors have been identified as "aggravating factors." *Id.* Specifically, these include, " the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, the degree of actual prejudice to the defendant, and whether the delay was the result of intentional conduct." *McGowan v. Faulkner Concrete Pipe Co.,* 659 F.2d 554, 557-58(5th Cir. 1981). It was noted in *American Telephone and Telegraph Company,* that cases "in which dismissals with prejudice have been affirmed on appeal illustrate that such a sanction is reserved for the most egregious of cases, usually cases where the requisite factors of clear delay and ineffective lesser sanctions are bolstered by the presence of at least one of the aggravating factors." 720 So.2d at 180.

¶13. Using these standards, the question for this Court is whether the conduct of counsel for Hoffman can be said to clearly constitute delay or contumacious conduct. The defendants in the present case argue that Hoffman has been less than diligent, deliberately careless and willfully dilatorious. The defendants point out that Hoffman's repeated requests for continuances, and failure to move to lift the automatic stay imposed by the bankruptcy proceeding, illustrates lack of dedication toward the case. Hoffman emphasized the trial court order stated,"upon agreement of counsel, and for good cause shown" that the request for the continuance of the trial dates were well taken.

¶14. Hoffman also asserts that the third trial date, in part, was due to the bankruptcy petition filed by some of the defendants. The defendants argue that Hoffman did not take any action in the case from the time of notification that the bankruptcy had been resolved in March 1996 until they filed their second motion to dismiss in August, 1997. In contrast, Hoffman offers a letter dated May 24, 1996, to the court clerk requesting that the case be placed back on the court's active docket in order that it may come up for scheduling of a trial date.[(2)]

¶15. The defendants quote *Link v. Wabash R.R.,* 370 U.S. 626, 633, 82 S. Ct.1386, 8 L.Ed. 2d 734 (1962), " it could reasonably be inferred from [her failure to actively follow up on the request to place the case on the active docket], that she had been deliberately proceeding in dilatory fashion." However, the delays relating to one of the three continuances by the lower court were at least partially due to actions taken by the defendants. However, the conduct of counsel for Hoffman was less than diligent. Counsel for Hoffman provided an excuse in reply to the defendant's second motion to dismiss,"... local counsel became an active minister of the gospel and the undersigned had been awaiting for over forty-four years of active practice to be able to enjoy a modified sabbatical which also contributed to distractions that contributed to inattentiveness."

¶16. This Court must also consider whether lesser sanctions may have better served the interests of justice. Where there is no indication in the record that the lower court considered any alternative sanctions to expedite the proceedings, appellate courts are less likely to uphold a Rule 41(b) dismissal. *McGowan*, 659 F.2d at 557. "Lesser sanctions include fines, costs, or damages against plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings." *Wallace*, 572 So. 2d at 377.

¶17. In the present cases, there is no indication that lesser sanctions were considered by the court. It is questionable whether the present case fulfills the requisite factors for dismissal under Rule 41(b). The record does not suggest that Hoffman, as opposed to her counsel, was responsible for any of the delays. This circumstance sets the present case apart from other cases in which Rule 41(b) dismissals have been affirmed. *Anthony v. Marion County Gen. Hosp*., 617 F.2d 1164, 1168 n.4 (5th Cir. 1980) ("[w]e note that in at least four cases where dismissal was held to be inappropriate, a factor was the lack of any indication in the record of the client's knowledge of, or participation in, his attorney's failure to prosecute"); *See*, *e.g*., *Watson v*. *Lillard*, 493 So.2d 1277(Miss. 1986)(Rule 41(b) dismissal of the plaintiff's case affirmed where it was found that the plaintiff herself was responsible for driving off two set of competent counsel). Second, there is little actual prejudice to the defendants by allowing this case to proceed to trial, as all material witnesses are apparently still available to testify.

¶18. The cases involving Rule 41(b) dismissal tend to indicate that negligence or inexcusable conduct on the part of plaintiff's counsel does not in itself justify dismissal with prejudice. *American Tel. & Tel.*, 720, So. 2d at 181. This is not to say the lower court is powerless to deal with derelictions of duty by counsel. *Id*. Upon remand the circuit court may impose such reasonable sanctions, short of dismissal, on Hoffman or her present attorneys as the court may find appropriate. *Id***.**

## CONCLUSION

¶19. A motion to dismiss for failure to prosecute is governed by Rule 41(b). While the authority exists to dismiss a case with prejudice for failure to prosecute as a necessary means to control the docket, this power is reserved for egregious cases of delay. The record does not show a claim of prejudice or injury to the appellees by reason of the delay. Dismissal is drastic punishment and should not be invoked except where the conduct of the party has been so deliberately careless as to call for drastic action. In view of the course of conduct between the attorneys, the fact that there is no evidence of such deliberate carelessness as to require drastic action, and the fact there is no evidence of prejudice or harm done appellee compel this Court to hold that the circuit court erred in dismissing Hoffman's case with prejudice. Accordingly, the judgment of the Tate County Court is reversed and this case is remanded for proceedings consistent with this opinion.

¶20. **REVERSED AND REMANDED.**

**PRATHER, C.J., PITTMAN, P.J., BANKS, McRAE, MILLS, WALLER AND COBB, JJ., CONCUR. SULLIVAN, P.J., CONCURS IN RESULTS ONLY.**

1. An Order setting the case for trial on May 15, 1995, was evidently not entered, but it is referenced in the Order of the Court dated March 22, 1995.

2. The appellees claim this letter is inadequate because Hoffman never requested a trial date and never conferred with counsel opposite about possible trial dates.