823 So.2d 602 (2002)
Robert TIMS, Appellant,
v.
CITY OF JACKSON and Mike Henson, Appellees.
No. 2000-CA-01820-COA.
Court of Appeals of Mississippi.
August 6, 2002.
*603 Chokwe Lumumba, Jackson, attorney for Appellant.
Mark E. McLeod, Jackson, attorney for Appellees.
Before SOUTHWICK, P.J., THOMAS, and IRVING, JJ.
IRVING, J., for the court.
¶ 1. Robert Tims appeals from an order rendered in the Hinds County Circuit Court which dismissed his case with prejudice due to failure to prosecute. In this appeal, Tims argues that the dismissal of his suit constituted an abuse of discretion and that the abuse continued with the denial of his motion for reconsideration because the trial judge failed to consider or properly consider the facts upon which the motion was brought.

FACTS
¶ 2. On February 24, 1992, Robert Tims filed a complaint against Mike Henson, an officer of the Jackson Police Department, the City of Jackson Police Department, and an unknown person, collectively referred to hereinafter as "the City." In this complaint, Tims alleged that a vehicle driven by an unknown individual "suddenly and without warning, executed a left turn directly in front of him" and forced him into a ditch. He further alleged that Officer Mike Henson investigated the incident but failed to put the other driver's name on the police report. Also, the complaint alleged that Henson refused to give Tims the name of the party at fault, even after Tims made numerous attempts to ascertain the identity of the driver. Tims claimed that Henson's refusal to provide him with the identity of the other driver had caused him great hardship. In Tims's view, Henson's reckless and inadequate investigation of the incident constituted a breach of duty and that the Jackson Police Department, Henson's employer, was vicariously liable.
¶ 3. The case went to trial on December 5, 1994, and ended in a hung jury. The matter was reset for trial for September 12, 1995. However, as a result of a motion for a continuance filed by Tims, the case was continued to March 25, 1996.[1] On May 15, 1996, the trial judge signed another order which continued the case yet again. The order granting this continuance reflects that it was entered pursuant to a joint motion of the parties and ordered the case continued "until a later date." On September 13, 1999, the City filed a motion to dismiss, and on December 6, 1999, the case was dismissed with prejudice on the grounds set forth in the motion and as a stale case "for failure to prosecute and in the interest of judicial economy."[2] On December 16, 1999, Tims's counsel filed a motion for reconsideration of the motion to dismiss. This motion was overruled June 27, 2000. It is from the denial of this motion that Tims prosecutes this appeal.
¶ 4. Additional facts as may be necessary for the proper consideration and resolution of this appeal will be given during the discussion of the issues.

*604 ANALYSIS AND DISCUSSION OF THE ISSUES

Abuse of Discretion
¶ 5. The standard of review for a dismissal for failure to prosecute is abuse of discretion. Hoffman v. Paracelsus Health Care Corporation, 752 So.2d 1030, 1034(¶ 11) (Miss.1999). Because no time limits exist once a complaint has been filed, a dismissal for failure to prosecute will only be upheld in circumstances "where the record shows that a plaintiff is guilty of dilatory or contumacious conduct." Id. Moreover, dismissals for failure to prosecute should be executed reluctantly because "the law favors trial of issues on the merits." Id. This Court is mindful of the fact that "dismissal with prejudice is an extreme and harsh sanction that deprives a litigant of the opportunity to pursue his claim, and any dismissals with prejudice are reserved for the most egregious cases." Id. (citing Wallace v. Jones, 572 So.2d 371, 376 (Miss.1990)).
¶ 6. Tims contends that the trial judge abused his discretion when he failed to properly consider the totality of the circumstances leading to the delays in the hearing of this case. Not surprisingly, the City contends otherwise, arguing that the lack of activity in the case by Tims justified the trial judge's action. Specifically, the City avers that Tims "sat back" for over three years and did absolutely nothing to prosecute the case. The City points out, for example, that Tims did not file a motion for a trial setting nor any other motion.
¶ 7. A perusal of the record confirms the City's contention that Tims did not seek a trial setting after the case was continued indefinitely, pursuant to the joint motion of the parties, on May 15, 1996. However, there are other facts that figure into the delay.
¶ 8. On September 10, 1996, the trial judge who was handling this matter recused himself, and the case was reassigned to another judge on September 23, 1996. This judge subsequently retired, and the case was reassigned to a third judge.[3] It was the third judge who dismissed the case. This judge then recused himself, and yet a fourth judge was assigned to this case. The fourth judge's involvement was limited to a denial of Tims's motion to reconsider the dismissal.
¶ 9. As there has been no shortage of trial judges handling this case, there has likewise been no shortage of defense counsel. The record reflects that William Gowan, the counsel for the City who tried the case when it ended in a hung jury, apparently later withdrew from representation of the City. The record is not entirely clear on this point as it does not show either a motion to withdraw or an order permitting withdrawal. However, the record does reflect that Michael J. Wolf entered his appearance on behalf of the City on September 13, 1999, the exact date the motion to dismiss was filed. To confuse things even further, we note that the motion was argued on behalf of the City by Mark McLeod, not Michael J. Wolf. The record does not reflect an entry of appearance for Mr. McLeod. We further note from the transcript of the hearing on the motion to dismiss that Tims's counsel asserted that Mr. McLeod had only been with the City Attorney's office a month or two and that Mr. McLeod had no knowledge of the prior agreements and understandings that transpired between Tims's counsel and the City's counsel. On this point, the record *605 reflects the following comment from Tims's counsel:
I think I probably have a more accurate recollection because I've talked to Bill Gowan on a number of occasions, and they were supposed to have been in contact with counsel as short asas much as less than a year ago. And even after Gowan there was somebody else on the case, and they actually asked for the procedures in this case be stayed because of the fact that there was a new attorney being assigned to the case.
¶ 10. We also note that Tims's counsel, during the hearing previously referred to, pointed out that he had encountered difficulty with the court administrator in his attempts to place the case on the trial docket and that both he and counsel for the City had conflicting schedules which made it difficult to obtain a trial setting. The City did not rebut or otherwise respond to this allegation during the hearing and does not respond to this allegation in its brief before this Court.
¶ 11. More importantly, Tims notes that the City did not subscribe any act of delay personally to Tims, as distinguished from his counsel, and no such finding was made by the judge. While, as already observed, the motion to dismiss is not contained in the record, we are able to ascertain from the transcript of the hearing the gravamen of the motion. Again, we resort to the transcript:
BY THE COURT: You have alleged in the motion that the defendant has suffered extreme prejudice and that Officer Mike Henson, a defendant, has resigned from employment with the City of Jackson, and also that the City is unable to locate the defendant, Mike Henson. Is that
BY MR. MCLEOD: That's correct. Sometime a couple years after this was filed the officer resigned. We maintained contact with him for a couple of years. Over the last two or three yearsI mean, it's gone on so long we just finally lost contact with him. And we have no way of finding him.
It is clear from the above-quoted passage that the City's primary contention is that it has been prejudiced by the passage of time and, particularly, by the disappearance of Mike Henson. No misconduct, on the part of Tims, the Plaintiff, is alleged.
¶ 12. As to the allegation of prejudice stemming from the disappearance of Mike Henson, we observe that in Tims's motion for reconsideration of the dismissal, filed on December 16, 1999, he alleged that he had discovered information on December 7, 1999, and on or about December 10, 1999, which shows that the City "either consciously perpetrated a fraud on the Court and the Plaintiff and/or that the [City] was grossly negligent in misrepresenting facts to the Court and the Plaintiff." He further alleged that he had "uncovered proof which indicates that the [City] either knew or should have known the whereabouts of the Defendant Mike Henson as of September 10, 1999, [sic] when the Motion to Dismiss was filed and either knew or should have known Henson's whereabouts on December 6, 1999, at the time the Court heard the Defendant's Motion to Dismiss."
¶ 13. The record also reflects that, during the hearing on the City's motion to dismiss, Tims's counsel sought unsuccessfully to expand the hearing to require the City to provide evidence of the efforts made to discover the whereabouts of Mike Henson:
BY MR. LUMUMBA: I would make a motion that if the Court feels that there is a problem with the Henson situation that we have a hearing and let them represent and testify as to what they've done to locate Henson and why they *606 can't locate a man that was employed by the Jackson Police Department and apparently would have left some kind of forwarding address.
* * * * * *
BY THE COURT: All right. The Court is going to overrule the motion by the plaintiffs just made to have another hearing. And also, the Court has earlier ruled the motion for continuance was denied.
The Court having heard the evidence, considered the pleadings, arguments of Counsel [sic], is of the opinion that based upon the grounds set forth in the motion to dismiss for failure to prosecute, and in the interest of judicial economy, and further on the grounds of this being a stale case that the motion is going to be dismissed.
On June 16, 2000, Mike Henson responded to a subpoena issued by Tims's counsel and gave the following affidavit:

AFFIDAVIT OF MIKE HENSON
Mike Henson, being duly sworn deposes and says the following:
1. I am listed as a defendant in the above entitled cause.
2. On June 16, 2000, I responded to a subpoena and was present at 9 A.M. on June 16, 2000, in the Hinds County Circuit Court.
3. I have attended no other court sessions or hearings in the last several years because no one has notified me of any such hearings before any such hearings occurred.
4. To the best of my knowledge, the City of Jackson and its attorney have made no efforts to contact me with regards to this case in years.
5. In fact, no one from the City of Jackson contacted me about this case since the time of the trial.
6. After I read about the dismissal of the case in the newspaper, I contacted the City Attorney about the case.
7. I presently live at Route 3, Box 132-A, Ackerman, Mississippi 39735. This address was supplied to the City of Jackson when I was applying for the Jackson Police Department or while I was a member of the Department and to the best of my knowledge has remained in the City's possession since that time.
8. I served as a police officer for the City of Jackson from 1985 to 1992.
The record reflects that the address which Tims's counsel used to contact Mike Henson was provided by the Jackson Police Department pursuant to a subpoena duces tecum.
¶ 14. Although there had been, at the time of the hearing on the motion to dismiss, a lack of activity of record in this case for over three years, we are of the view that it was an abuse of discretion on the part of the trial judge to dismiss the case. Several reasons, which we will proceed to discuss, undergird our conclusion in this regard.
¶ 15. We begin our discussion with a review of the criteria that must be applied in determining whether the trial judge abused his discretion. In American Tel. & Tel. Co. v. Days Inn, 720 So.2d 178(¶ 13) (Miss.1998), the Mississippi Supreme Court, quoting Rogers v. Kroger Co., 669 F.2d 317, 320 (5th Cir.1982), held that "Rule 41(b) dismissals with prejudice will be affirmed only upon a showing of a clear record of delay or contumacious conduct by the plaintiff and where lesser sanctions [will] not serve the best interests of justice." The court in American Tel. & Tel. Co. further held:
While the requirements of a clear record of delay by the plaintiff and futile lesser sanctions have been articulated the most *607 consistently, several other factors have been identified as aggravating factors. Specifically, these include the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, the degree of actual prejudice to the defendant, and whether the delay was the result of intentional conduct.
Id.
¶ 16. First, it is undisputed on the record before us that part of the responsibility for the delay lies with the City as it joined in the last motion for a continuance which was filed in this matter, and the order entered pursuant to this motion did not continue the case to a specific date. Additionally, the City does not, and did not in the hearing before the trial judge, dispute Tims's counsel's representation that after the last continuance was granted, he and the initial trial counsel for the City continued to have difficulty in arriving at a retrial date that was mutually convenient for the two of them. Also, the City does not, and did not dispute Tims's counsel's representation that prior counsel for the City asked that the procedures be delayed because new counsel was being assigned to the case.
¶ 17. Secondly, we do not accept the City's contention that it has been unduly prejudiced by the loss of contact with fellow defendant, Mike Henson. Henson's deposition testimony and his testimony from the first trial are and always were available for use in the retrial of this matter. Moreover, Henson is available in person and apparently was so at the time when the motion to dismiss was granted. We are aware of the contention made by the City in one of its filings in the court below that Tims's counsel's action in contacting Henson was inappropriate. Nothing said here should be interpreted as a comment one way or the other on the propriety or impropriety of the contact. It is sufficient to say that as a result of counsel's action, it is clear that Henson was not beyond the reach of the City in a retrial of this matter.
¶ 18. Thirdly, no evidence was adduced which indicates that the delay was intentional or due to contumacious conduct on the part of Tims himself or for that matter, on the part of Tims's counsel. While it may be true that counsel was content not to push for a retrial, it appears reasonably clear from the record that at least for part of the time that was just fine with the City.
¶ 19. Finally, and perhaps most importantly, the record is clear that the trial judge did not consider a less drastic sanction. As the court found in American Tel. & Tel. Co., "the record in the present case fulfills neither of the requisite factors for dismissal under Rule 41(b). There is no clear record of delay or contumacious conduct on the part of the plaintiff and no finding that lesser sanctions would not have better served the ends of justice." American Tel. & Tel. Co., 720 So.2d at 182 (¶ 18). Therefore, we conclude as we must that the trial judge abused his discretion in dismissing this case.
¶ 20. In light of our decision regarding the motion to dismiss, there is no need to discuss the motion for reconsideration. This case is reversed and remanded for further proceedings.
¶ 21. THE JUDGMENT OF THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF HINDS COUNTY IS REVERSED AND REMANDED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEES.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS, AND *608 CHANDLER, JJ., CONCUR. BRANTLEY, J., DISSENTS WITHOUT SEPARATE OPINION.
NOTES
[1] The record reflects that this motion was not opposed by the City, and the order granting the continuance is entitled, "Agreed Order of Continuance."
[2] The motion to dismiss is not included in the record. However, the transcript of the hearing on the motion is included. From the transcript, we are able to ascertain the material averments of the motion.
[3] The record does not reflect the date of retirement. Therefore, we place no weight on this fact and mention it only because it is an event occurring within the relevant time-lag.