# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CA-01505-COA

**VICTORIA LEASY**                                                                                                  **APPELLANT**

**v.**

**SW GAMING, LLC D/B/A HARLOW'S CASINO**                                            **APPELLEE**

DATE OF JUDGMENT:                  09/03/2019
TRIAL JUDGE:                      HON. W. ASHLEY HINES
COURT FROM WHICH APPEALED:         WASHINGTON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:            YANCY B. BURNS
ATTORNEYS FOR APPELLEE:            BLAKE DAMON SMITH
                                   DALE GIBSON RUSSELL
                                   IAN RUSSELL UNDERWOOD
NATURE OF THE CASE:                CIVIL - PERSONAL INJURY
DISPOSITION:                       REVERSED AND REMANDED - 02/02/2021
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE BARNES, C.J., McDONALD AND LAWRENCE, JJ.**

**LAWRENCE, J., FOR THE COURT:**

¶1.     Victoria Leasy filed a complaint in the Washington County Circuit Court after she allegedly slipped and fell in her hotel room's bathroom at Harlow's Casino. SW Gaming LLC d/b/a Harlow's Casino (SW Gaming) filed a motion to dismiss for failure to prosecute pursuant to Mississippi Rule of Civil Procedure 41(b). After a motion hearing, the circuit court entered an order granting SW Gaming's motion to dismiss. Aggrieved by the circuit court's dismissal of the complaint, Leasy appealed. Because we find the circuit court erred in granting SW Gaming's motion, we reverse and remand.

## FACTS AND PROCEDURAL HISTORY

¶2. Leasy allegedly slipped and fell in her hotel room's bathroom on June 20, 2014, due to a slippery substance on the floor. Leasy was a registered hotel guest at Harlow's Casino at the time of the incident. As a result of her alleged fall, Leasy asserted that she suffered serious bodily injury for which she continued to receive medical treatment. On March 13, 2017, Leasy filed a complaint against Churchill Downs Incorporated (Churchill) in the Washington County Circuit Court asserting negligence and premises liability claims.

¶3. On April 3, 2017, Churchill filed its answer and defenses to Leasy's complaint. On May 1, 2017, the parties filed an agreed order to substitute SW Gaming as the proper defendant and dismiss Churchill, which the court entered. Neither party filed anything from May 1, 2017, until May 31, 2019, when SW Gaming filed a motion to dismiss for Leasy's failure to prosecute pursuant to Mississippi Rule of Civil Procedure 41(b). In response, Leasy claimed that between 2017 and 2019 she was receiving ongoing medical treatment for her injuries and therefore did not have a final medical diagnosis or an accurate total of monetary damages to prosecute her complaint. Further, Leasy argued that between 2018 and 2019, there was confusion regarding her medical insurance and who was to pay the substantial medical bills, which further delayed the completion of her medical treatment and a final prognosis from her treating physician. Finally, Leasy's attorney claimed that he and defense counsel had an informal agreement to stay the discovery process until they established the extent of Leasy's damages.

¶4. SW Gaming denied the existence of any informal agreement to delay the prosecution of Leasy's complaint and argued that it suffered prejudice as a result of stale evidence and

2

because witnesses were no longer employed at the casino. Following SW Gaming's motion to dismiss, Leasy filed several responsive pleadings, notices of discovery responses, and an expert witness designation in an effort to fast-track the litigation. Leasy also provided SW Gaming with voluminous medical records documenting her ongoing medical treatment.

¶5. At the motion hearing on August 5, 2019, Leasy's attorney took full responsibility for the delay in the prosecution and offered to bear the expense for the preparation of a medical-records summary to assist SW Gaming in learning the substance of the voluminous medical records. Further, Leasy's attorney offered to pay the cost of a private investigator to locate any witnesses who were no longer employed at the casino. Leasy's attorney stated:

> I would suggest that an appropriate sanction would be to require plaintiff's counsel to pay for a medical records summary, defendant's choosing, pick where they want to do it, some reasonable range, $500, $600 to do that. That would get them up to speed on her medical.
>
> They don't have to trust my medical records summary. I would pay someone to do that for her since I'm behind the eight ball here.
>
> The other instance, if witnesses no longer work for the defendant, require plaintiff's counsel to hire an investigator to locate those witnesses and turn those addresses and phone numbers over to the defendant.

At the end of the hearing, the court took the matter under advisement. On September 3, 2019, the circuit court refused Leasy's request for lesser sanctions and entered an order granting SW Gaming's motion to dismiss pursuant to Mississippi Rule of Civil Procedure 41(b). Leasy filed her notice of appeal.

## ANALYSIS

¶6. "In reviewing a trial court's dismissal for failure to prosecute pursuant to Rule 41(b),

3

this Court will reverse only if it finds the trial court abused its discretion." *Cox v. Cox*, 976 So. 2d 869, 874 (¶11) (Miss. 2008) (citing *AT & T v. Days Inn of Winona*, 720 So. 2d 178, 180 (Miss. 1998)).

## I. Record of Delay or Plaintiff's Contumacious Conduct

¶7. Leasy argues on appeal that the circuit court abused its discretion when it dismissed her complaint pursuant to Mississippi Rule of Civil Procedure 41(b). Leasy admits that there was a two-year delay in the prosecution of her complaint but that delay was justified under the unique circumstances in her case. She asserts that the two-year delay was excusable due to the continued medical treatment she needed for her injuries that she allegedly received as the result of falling at the casino. Confusion over the insurance payments also caused delays of Leasy's medical treatment. Leasy's counsel argued that "for some reason, [Leasy's] medical clinic stopped her medical treatment in October, 2018 because it was under the impression that [his] firm was somehow now the third-party payer." Finally, Leasy's counsel argued that it was his understanding that he had a "tacit agreement" with defense counsel to stay the discovery process and prosecution of Leasy's complaint until she finished treatment and her damages were fully ascertained.

¶8. Mississippi Rule of Civil Procedure 41(b) provides defendants with an avenue to pursue the dismissal of a plaintiff's complaint for the failure to prosecute. Because "dismissal with prejudice is an extreme and harsh sanction that deprives a litigant of the opportunity to pursue his claim, . . . any dismissals with prejudice are reserved for the most egregious cases.'" *Hoffman v. Paracelsus Health Care Corp.*, 752 So. 2d 1030, 1034 (¶11)

4

(Miss. 1999) (quoting *Wallace v. Jones*, 572 So. 2d 371, 376 (Miss. 1990)).

¶9.     In *Holder v. Orange Grove Medical Specialties P.A.*, 54 So. 3d 192, 197 (¶17) (Miss. 2010), the Mississippi Supreme Court said that there is no specific time frame for the prosecution of an action once filed, and motions for failure to prosecute should be considered on a case-by-case basis.  The court in *Holder* further held that an appellate court "may uphold a Rule 41(b) dismissal when there is: (1) a record of dilatory or contumacious conduct by the plaintiff; and (2) a finding by this Court that lesser sanctions would not serve the interest of justice." *Id*.  "Additional 'aggravating factors' or actual prejudice may bolster the case for dismissal, but [they] are not requirements." *Id*.  Further, "[t]he power to dismiss for failure to prosecute is inherent in any court of law or equity, being a means necessary to the orderly expedition of justice and the court's control of its own docket." *Walker v. Parnell*, 566 So. 2d 1213, 1216 (Miss. 1990) (citing *Watson v. Lillard*, 493 So. 2d 1277, 1278 (Miss. 1986)).

¶10.    In *Cox*, 976 So. 2d at 874 (¶16), the Mississippi Supreme Court held that while delay alone may suffice to support a dismissal under Rule 41(b), "factors other than delay typically are present when a dismissal with prejudice under Rule 41(b) is upheld."  Further, the Court in *Cox* elaborated on the defense of excusable delay and stated that "[e]fforts to secure substitute counsel may constitute excusable delay, . . . [and] [s]ettlement efforts also may constitute excusable delay." *Id*. at 875 (¶20).

¶11.    In *Jackson Public School District v. Head ex rel. Russell*, 67 So. 3d 761, 765-76 (¶14) (Miss. 2011), the Mississippi Supreme Court upheld a circuit court's finding that a clear delay caused by plaintiff counsel's illness or personal problems was excusable and not a basis

5

to support a Rule 41(b) motion. The Court further held that

> the mere fact that delay occurs in the prosecution of a case is not sufficient to warrant dismissal for want of prosecution. It must be clear from the record that the delay was the result of the plaintiff's failure to prosecute the claim, **rather than extrinsic factors beyond the control of the plaintiff**.

*Id*. at 766 (¶15) (emphasis added).

¶12.    There was no dispute from either party that there were no documents filed or any action taken in the circuit court for the two years between 2017 and 2019. Leasy's continued medical treatment and the confusion regarding payment was the crux of the two-year delay. Those delays were not Leasy's fault. Further, the longevity of Leasy's medical treatment was an extrinsic factor beyond Leasy's control and cannot be considered contumacious on Leasy's part. Leasy's counsel said that "[t]his isn't the plaintiff's fault. She diligently sought medical treatment, diligently tried to mitigate damages or ascertain damages." Therefore, while a two-year delay is not routinely acceptable, it certainly appears in this case to be excusable and insufficient on its own to support a motion to dismiss pursuant to Mississippi Rule of Civil Procedure 41(b). Now, we must look to the consideration of viable lesser sanctions and other aggravating factors that could justify the dismissal.

## II.    Lesser Sanctions

¶13.    Leasy claims the circuit court should have imposed lesser sanctions and claims on appeal that the court abused its discretion in imposing the extreme sanction of dismissal. At the Rule 41(b) motion hearing, Leasy's counsel argued that lesser sanctions would be more appropriate in this case and would better serve the interest of justice. Leasy's counsel argued with specificity how lesser sanctions would cure any and all potential prejudice caused by

6

the two-year delay in prosecution.

¶14. "This Court will impose lesser sanctions if they will better serve the interest of justice." *Jackson Pub. Sch. Dist.*, 67 So. 3d at 766 (¶17). "Lesser sanctions include fines, costs, or damages against plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings." *Id.* While the trial court has the inherent authority to grant a defendant's motion to dismiss pursuant to Mississippi Rule of Civil Procedure 41(b), a dismissal "is 'reserved for the most egregious cases,' due to the 'extreme and harsh sanction that deprives a litigant of the opportunity to pursue his claim.'" *Id.* at 765 (¶11) (quoting *Hillman v. Weatherly*, 14 So. 3d 721, 726 (¶17) (Miss. 2009)). The Mississippi Supreme Court has made clear that "[t]he law favors trial of issues on the merits, and dismissals for want of prosecution are therefore employed reluctantly." *Id.* at (¶13).

¶15. Further, in *Jackson Public School District*, the Mississippi Supreme Court upheld the circuit court's ruling that assessed lesser sanctions rather than granting a motion to dismiss pursuant to Mississippi Rule of Procedure 41(b). *Id.* at (¶25). In that case, the circuit court determined that it would be fair for Head to assume the cost incurred by Jackson Public School District (JPS) associated with reproducing discovery documents that were ultimately lost by Head. *Id.* at 766 (¶18). However, given that JPS was unable to prove any actual prejudice but only speculation of memory loss and inconvenience in locating witnesses, the circuit court held, and the supreme court affirmed, that no additional sanctions were appropriate. *Id.* at 767 (¶25).

¶16. Much like the argument made in *Jackson Public School District*, SW Gaming argued

that its case would be prejudiced by the two-year delay because physical evidence had gone stale and potential trial witnesses were no longer employed with the casino and would be difficult to locate. Further, SW Gaming argued that Leasy had just recently bombarded it with over one-thousand pages of medical records, an expert designation, and a proposed scheduling order requesting that discovery be completed within ninety days. However, both of those arguments lose their luster once addressed by plaintiff's counsel. Leasy's counsel argued that lesser sanctions were available to cure both these concerns. Leasy's counsel offered to pay for an independent medical summary to be provided to SW Gaming. Further, Leasy's counsel offered to pay costs of an investigator to locate any potential "lost" witnesses.

¶17. While SW Gaming "argued" prejudice, its assertions that it suffered any actual prejudice appear speculative. SW Gaming offered no specific proof that evidence had gone stale or that memories had faded as a result of the delay in prosecution. SW Gaming offered no proof regarding the unavailability of any potential witnesses but only argued that some witnesses no longer worked at the casino. The question of their availability or the sufficiency of their memories were not presented for the circuit court's consideration. The alternative sanctions suggested by Leasy's counsel would have given SW Gaming the opportunity to find and interview those prospective witnesses without cost to SW Gaming. Further, the alternative sanctions Leasy's counsel suggested would have created an independent medical-records summary, which would have afforded an efficient and timely review of the voluminous medical records. The proposed lesser sanctions would have more than cured any

8

potential prejudice at no additional expense to SW Gaming and would have better served the interest of justice in this case.

### III.    Aggravating Factors

¶18.    Leasy argues that there were no additional aggravating factors present in this case to warrant a dismissal pursuant to Mississippi Rule of Civil Procedure 41(b).  The supreme court has listed some potential aggravating factors to be considered in favor of dismissal are as follows: (1) "the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay," (2) "the degree of actual prejudice to the defendant," and (3) "whether the delay was the result of intentional conduct."  *Cox*, 976 So. 2d at 876 (¶27).  "While 'aggravating factors' are not required, the presence of such factors strengthens the case for dismissal under Rule 41(b)."  *Id*.

### A.    Leasy's Personal Responsibility for the Delay

¶19.    "Where a litigant has not been an active participant in the fault, the sanction of dismissal with prejudice should be a last resort."  *Id*. at 877 (¶29).  Further, "[w]hile a client may be held accountable for his attorney's conduct, many courts have imposed lesser sanctions than dismissal where fault lies with the attorney rather than the client."  *Id*.

¶20.    Leasy's counsel took full responsibility for the two-year delay in prosecuting her complaint.  At the motion hearing, Leasy's counsel stated that "this is a case that the plaintiff's counsel is directly responsible for not advancing the case due to lack of a final medical report."  The record is completely devoid of any proof that Leasy was directly or personally responsible for the delay or that the delay was contumacious on Leasy's part.

9

## B.    Degree of Actual Prejudice

¶21.    While prejudice may be presumed from unreasonable delay, "the preference for a decision on the merits 'must be weighed against any presumed prejudice to the defendant and the court may decide to excuse the plaintiff's lack of diligence in the absence of any actual prejudice to the defendant.'" *Cox*, 976 So. 2d at 879 (¶44) (quoting *Rogers v. Kroger Co.*, 669 F.2d 317, 322 n.7 (5th Cir. 1982)).

¶22.    As already discussed, SW Gaming failed to prove actual prejudice and could only speculate as to the possibility. Nothing in the record indicates that the two-year delay has altered the memories of any potential witnesses or caused any evidence to go stale. Further, because the two-year delay is excusable, the lapse in time in this case is not *per se* prejudicial to SW Gaming.

## C.    Intentional Delay

¶23.    There is nothing in the record to support the notion that the delay in prosecution was intentional. Leasy's counsel submitted to the court that the delay was a direct result of the fact that Leasy was undergoing continued medical treatment. Confusion regarding the payment of her treatment further delayed her last injection and a final prognosis from her treating physician. Therefore, there are no aggravating factors in this case to substantiate or bolster an argument in favor of dismissal pursuant to Mississippi Rule of Civil Procedure 41(b).

## CONCLUSION

¶24.    Because the delay in this case is excusable and SW Gaming has failed to prove that

10

it suffered any actual prejudice from the delay, we find that the circuit court abused its discretion in dismissing Leasy's complaint pursuant to Mississippi Rule of Civil Procedure 41(b). Rather, the lesser sanctions presented by Leasy's counsel would have better served the interest of justice in this case. Therefore, the circuit court's judgment is reversed, and the case is remanded.

¶25. **REVERSED AND REMANDED.**

**BARNES, C.J., GREENLEE, WESTBROOKS, McDONALD AND McCARTY, JJ., CONCUR. CARLTON, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY WILSON, P.J. SMITH, J., NOT PARTICIPATING.**

**CARLTON, P.J., DISSENTING:**

¶26. I disagree with the majority's decision to reverse the circuit court's order dismissing Leasy's complaint pursuant to Rule 41(b) and remanding. The majority acknowledges that a two-year delay in a plaintiff's failure to pursue her claims "is not routinely acceptable." (Maj. Op. ¶12). The majority finds, however, that because Leasy's delay in pursing her claim "appears to be . . . excusable," *id*., then Leasy's delay is "insufficient on its own" to support a Rule 41(b) motion to dismiss. The majority further finds that the lesser sanctions proposed by Leasy's counsel "would have more than cured any potential prejudice at no additional expense to SW Gaming and would have better served the interest of justice in this case." (Maj. Op. ¶17). Because I would affirm the circuit court's dismissal of Leasy's complaint pursuant to Rule 41(b), I respectfully dissent.

¶27. The majority acknowledges that this Court reviews a circuit court's decision to dismiss a complaint for failure to prosecute for an abuse of discretion. *SW 98/99 LLC v. Pike*

*County*, 242 So. 3d 847, 853 (¶21) (Miss. 2018). The supreme court has stated that "[w]hat constitutes failure to prosecute is considered on a case-by-case basis." *Id*. (quoting *Cox v. Cox*, 976 So. 2d 869, 874 (¶14) (Miss. 2008)). The supreme court has set forth factors to be weighed when determining whether to affirm a circuit court's Rule 41(b) dismissal for failure to prosecute: "(1) whether there was a clear record of delay or contumacious conduct by the plaintiff; (2) whether lesser sanctions may have better served the interests of justice; and (3) the existence of other aggravating factors." *Carter v. Spears*, 294 So. 3d 1263, 1266 (¶11) (Miss. Ct. App. 2020) (quoting *Sullivan v. Maddox*, 283 So. 3d 222, 234-35 (¶54) (Miss. Ct. App. 2019)). However, our caselaw is clear that "'[d]elay alone may suffice' for dismissal under Rule 41(b)." *Id*. (quoting *Holder v. Orange Grove Med. Specialties P.A.*, 54 So. 3d 192, 198 (¶20) (Miss. 2010)).

¶28. A review of the circuit court's order of dismissal reflects a two-year delay by Leasy in prosecuting this case. Leasy was allegedly injured on June 20, 2014, and she did not file her complaint in this matter until March 13, 2017—nearly three years after her injury. SW Gaming timely filed its answer and also filed a notice of service of first set of interrogatories, first set of request for production, and first set of requests for admissions to Leasy. On May 1, 2017, the circuit court entered an agreed order substituting SW Gaming as the defendant. On May 2, 2017, Leasy sent SW Gaming a first set of interrogatories and request for production of documents. No further action was taken in the case for over two years until May 31, 2019, when SW Gaming filed its Rule 41(b) motion to dismiss the complaint for failure to prosecute, to which Leasy filed a response.

12

¶29. In its order of dismissal, the circuit court acknowledged Leasy's arguments that she had good cause for the two-year delay: she needed continued medical treatment as a result of her injuries, and confusion arose over insurance payments. Leasy maintained that during the delay period, she was making a good faith effort to ascertain the amount in controversy. However, the circuit court observed that Leasy's last medical record was from October 1, 2018. The circuit court stated that "Leasy admitted that her treatment has stalled and her prognosis is unknown. Yet, Leasy did nothing to move her case once her medical treatment stopped." The circuit court therefore determined that "this inaction shows dilatory and contumacious conduct on the part of [Leasy]." The circuit court further found that "the most recent actions taken by Leasy in this case were reactionary to [SW Gaming]'s Motion to Dismiss and not made in a proactive attempt to move this case." In considering whether the imposition of lesser sanctions would better serve the interest of justice, the circuit court held that because Leasy's delay "caused evidence to go stale and made locating witnesses difficult," then "the imposition of lesser sanctions would not sufficiently cure the prejudice caused by the delay in this case and the appropriate sanction is dismissal with prejudice."

¶30. In the recent case of *Carter*, 294 So. 3d at 1266-67 (¶12), this Court recognized that "the cases in which the supreme court has affirmed the dismissal of a complaint for failure to prosecute often feature a substantial period of delay that clearly evinces the plaintiff's prolonged failure to pursue her claims." (Quoting *SW 98/99 LLC*, 242 So. 3d at 854 (¶23)). In this case, I find that the record supports the circuit court's finding that Leasy's inaction and delay of over two years showed "dilatory and contumacious conduct" and that lesser

13

sanctions "would not sufficiently cure" the prejudice SW Gaming suffered as a result of the delay. Leasy's case "is not an isolated incident of one missed deadline or a short, delayed response." *Id*. at 1268 (¶16) (quoting *Holder*, 54 So. 3d at 200 (¶33)). I therefore find that the circuit court did not abuse its discretion in granting SW Gaming's Rule 41(b) motion to dismiss for failure to prosecute. Because I would affirm the circuit court's order dismissing Leasy's complaint with prejudice, I respectfully dissent.

**WILSON, P.J., JOINS THIS OPINION.**