796 So.2d 1031 (2001)
LONE STAR CASINO CORPORATION, Appellant,
v.
FULL HOUSE RESORTS, INC., Appellee.
No. 2000-CA-00634-COA.
Court of Appeals of Mississippi.
October 9, 2001.
*1032 Ralph Preston King II, Wendy Hollingsworth, Ocean Springs, Attorneys for Appellant.
Britt R. Singletary, Gary Dale Thrash, Jackson, Attorneys for Appellee.
Before SOUTHWICK, P.J., THOMAS, and IRVING, JJ.
IRVING, J., for the Court:
¶ 1. Lone Star Casino (Lone Star) filed suit in the Chancery Court of Harrison County against Full House, Inc., Donoldson, Lufkin, Jenrett Securities Corp., Allen P. Paulson, and My Dang charging fourteen counts of breach of contract and breach of fiduciary duty. The case was transferred to the Circuit Court of Harrison County. The circuit court granted summary judgment on all counts and as to all defendants. Lone Star appealed. This Court affirmed summary judgment on twelve counts and as to three defendants. We reversed and remanded on the remaining two counts which only involved the sole remaining defendant, Full House. This Court's mandate on the appeal was issued on April 28, 1998. No further action was taken on the matter by either party until December 22, 1999, when Lone Star filed a motion to substitute counsel. In response, Full House filed a motion to dismiss for failure to prosecute pursuant to M.R.C.P. 41(b). The motion was granted and the matter was dismissed with prejudice. Aggrieved by that dismissal, Lone Star filed this appeal alleging that the circuit court abused its discretion. Finding abuse of discretion, we reverse and remand.

ANALYSIS OF THE ISSUE PRESENTED
¶ 2. In Mississippi there is no set time limit on the prosecution of an action once it has been filed, and dismissal for failure to prosecute will be upheld only where the record shows that a plaintiff has been guilty of dilatory or contumacious conduct. American Tel. and Tel. Co. v. Days Inn of Winona, 720 So.2d 178, 179 (Miss.1998). Dismissal with prejudice is an extreme and harsh sanction that deprives a litigant of the opportunity to pursue his claim, and is reserved for the most egregious cases, usually where the requisite factors of clear delay and ineffective lesser sanctions are bolstered by the presence of at least one of the aggravating factors as set forth in Rogers v. Kroger Company, 669 F.2d 317 (5th Cir.1982). American Tel. and Tel. Co., 720 So.2d at 180. These aggravating factors have been held to specifically include the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, the degree of actual prejudice to the defendant, and whether the delay was the result of intentional conduct. Id. Following these standards, the question for this Court is whether the conduct of Lone Star can be said to clearly constitute dilatory or contumacious conduct.
*1033 ¶ 3. Lone Star asserts that the delay was caused by the difficulty it had in retaining counsel to represent it in this matter. An affidavit was filed with the lower court that describes in detail the efforts of Paul Montle, Lone Star's president and chief executive officer, to secure counsel for Lone Star in this matter. In the affidavit Mr. Montle states that after he agreed with former counsel, Mike Allred, to seek new counsel, he proceeded to contact at least fifteen attorneys from across several states between April 1998 and November 1999. When he was finally able to obtain an attorney, Lone Star filed motions to substitute counsel and to set a trial date and scheduling order.
¶ 4. Full House maintains that its case has been prejudiced by the fact that Lone Star allowed twenty months to elapse without taking any action on the case while in the meantime one of Full House's principal witnesses, Mr. McComas, now suffers from serious illnesses and cannot offer valuable testimony and another, Mr. Paulson, is now deceased. Being mindful of Full House's argument, we are also aware that depositions were taken to preserve the testimony of these witnesses.
¶ 5. Rule 32 of the Mississippi Rules of Civil Procedure governs the use of depositions. Rule 32(a)(3) clearly provides that in certain instances a court may allow a deposition in lieu of live testimony. One instance is when the witness is dead and another is when the witness is unable to attend or testify because of age, illness, or infirmity. As long as all parties had an opportunity to pose questions and cross examine McComas and Paulson at the depositions and that evidence has been preserved, this Court finds that Full House would not be prejudiced by the inability of these witnesses to testify in person.
¶ 6. Lone Star provided evidence that its search for counsel was the cause of the delay. Proof was presented that a number of the attorneys Lone Star contacted about representation took up to three weeks to give Lone Star a decision then simply refused to represent Lone Star, while others spent weeks considering whether to represent Lone Star only to end up referring Lone Star on to some other attorney. A delay of twenty months, although lengthy, is not so egregious as to result in a dismissal of the case at bar. Since there is no clear record of dilatory or contumacious conduct and no findings of prejudice, we see no reason why Full House cannot proceed to trial on the merits of this case.

Consideration of Lesser Sanctions
¶ 7. We now turn our attention to whether the lower court should have considered lesser sanctions. Generally, this Court is less likely to uphold a Rule 41(b) dismissal when the lower court does not consider alternative sanctions. Hoffman v. Paracelsus Health Care Corp., 752 So.2d 1030 (¶ 16) (Miss.1999). The court has the option to assess fines, costs, damages, conditional dismissal, dismissals without prejudice, and/or warnings. Wallace v. Jones, 572 So.2d 371, 377 (Miss.1990). The record does not reveal that the judge considered any other sanctions.
¶ 8. For all of the reasons set forth herein, we find that the ruling of the lower court was an abuse of discretion; therefore, we reverse.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY IS REVERSED AND REMANDED. ALL COSTS ARE ASSESSED TO APPELLEE.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.