862 So.2d 540 (2003)
Martin G. CAMACHO, Appellant,
v.
CHANDELEUR HOMES, INC. and MHP Properties, LLC d/b/a Mid South Land-Home Center, Appellees.
No. 2002-CP-00737-COA.
Court of Appeals of Mississippi.
August 26, 2003.
Rehearing Denied January 6, 2004.
*541 Martin G. Camacho (Pro Se), attorney for appellant.
David Lee Robinson, Ashland, William F. Schneller, Holly Springs, Allison Farese Thomas, attorneys for appellee.
Before McMILLIN, C.J., LEE and IRVING, JJ.
IRVING, J., for the Court.
¶ 1. Martin G. Camacho appeals from an order of the Marshall County Circuit Court which dismissed his case with prejudice due to his failure to prosecute his claims against co-defendants, Chandeleur Homes, Inc. and MHP Properties, LLC, d/b/a Mid South Land-Home Center. Camacho, in a pro se brief, argues that the dismissal of his suit was erroneous because he has a valid claim against the defendants.
¶ 2. This Court agrees that the trial court erred in dismissing Camacho's lawsuit; therefore, we reverse and remand for proceedings consistent with this opinion.

FACTS
¶ 3. Martin G. Camacho filed suit in the Circuit Court of Marshall County against Chandeleur Homes on October 18, 2000. Camacho complained that he had experienced numerous problems with a mobile home which he purchased on October 22, 1999, from MHP Properties, LLC, d/b/a/ Mid South Land-Home Center (MHP). He stated that the home was delivered on or about October 24, 2000.[1] The mobile home was manufactured by Chandeleur Homes. Camacho claimed that he and his family had been forced to live in the mobile home without proper heating and air conditioning, dangerously defective electrical outlets, a leaking roof, sinking floors, defective framing and various other defects. Camacho asserted that he informed Chandeleur Homes of the numerous problems that he was experiencing with the mobile home and requested repair and/or replacement of various components but that Chandeleur Homes and MHP failed or refused to comply with his numerous requests.[2]
¶ 4. On December 14, 2000, Camacho's attorney filed a motion to withdraw as counsel, and on December 18, 2000, the attorney presented to the trial court an agreed order, signed by Camacho, allowing such withdrawal. The agreed order gave Camacho thirty days to retain new counsel. The trial court also ordered that if Camacho had not obtained an attorney who had filed an entry of appearance on or before the 17th of January 2001, the trial court would set the matter for a show cause hearing to determine why the suit should not be dismissed. The show cause hearing was set for February 7, 2001, in Ripley, Mississippi. There was some apparent confusion about whether Camacho appeared at this show cause hearing, and consequently, it was reset for May 31, 2001.
¶ 5. At the May 31, 2001 hearing, Camacho appeared with his wife Kathy. Kathy explained that Camacho spoke very little English; thus, she would speak on his behalf. Kathy informed the trial judge that Camacho had retained a second attorney and had a money order receipt to prove it. Kathy also explained that she informed the new attorney that he did not need to appear at the hearing (the show *542 cause hearing) because "we [she and Camacho] could just come in and let everybody know" that he was employed.
¶ 6. At the conclusion of the hearing, the trial court entered an order dismissing the case with prejudice. Shortly after the dismissal, Camacho, on June 6, 2001, retained a third attorney. This attorney filed a motion to reconsider the dismissal. After a hearing on the motion, the trial judge issued an order affirming the previous dismissal. Feeling aggrieved by the affirmation of the dismissal, Camacho filed this appeal pro se.
¶ 7. Additional pertinent facts will be related during the discussion of the issue.

ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 8. "For the failure of [a] plaintiff to prosecute or to comply with [the rules of civil procedure] or any order of [a trial] court, a defendant may move for dismissal of an action or of any claim against him." M.R.C.P. 41(b). It has been well established that an appellate court's review of a dismissal under Rule 41(b) is to determine if the trial court abused its discretion. Miss. Dept. of Human Servs. v. Guidry, 830 So.2d 628, 632(¶ 13) (Miss.2002).
¶ 9. A trial court possesses the inherent authority to dismiss an action for want of prosecution. Am. Tel. & Tel. Co. v. Days Inn of Winona, 720 So.2d 178, 180(¶ 11) (Miss.1998). "This power `is a necessary means to the orderly expedition of justice and the trial court's control of its own docket.'" Id. (quoting Watson v. Lillard, 493 So.2d 1277, 1278 (Miss.1986.)) Yet, Mississippi case law favors a trial of issues on the merits; dismissals under Rule 41(b) should be executed reluctantly. Hoffman v. Paracelsus Health Care, 752 So.2d 1030, 1034(¶ 11) (Miss.1999). This Court is cognizant of the fact that a dismissal with prejudice is an extreme and harsh sanction that deprives Camacho of the opportunity to pursue his claim, and any dismissal with prejudice is reserved for the most egregious case. Id.
¶ 10. We begin our review with a discussion of the criteria that must be applied in determining whether the trial judge abused his discretion. In Mississippi, there is no set time limit on the prosecution of an action once a complaint has been filed. Tims v. City of Jackson, 823 So.2d 602, 604(¶ 5) (Miss.Ct.App.2002). The Mississippi Supreme Court has declared that "rule 41(b) dismissals with prejudice will be affirmed only upon a showing of a clear record of delay or contumacious conduct by the plaintiff and where lesser sanctions [will] not serve the best interests of justice." Am. Tel. & Tel. Co., 720 So.2d at 181(¶ 13). The American Telephone & Telegraph Company court further established that:
While the requirements of a clear record of delay by the plaintiff and futile lesser sanctions have been articulated the most consistently, several other factors have been identified as "aggravating factors." Specifically, these include the "extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, the degree of actual prejudice to the defendant, and whether the delay was the result of intentional conduct."
Id. (citations omitted).
¶ 11. Following these standards, the first question for this Court is whether the conduct of Camacho can be said to clearly constitute dilatory or contumacious conduct. Lone Star Casino Corp. v. Full House Resorts, Inc., 796 So.2d 1031, 1032(¶ 2) (Miss.Ct.App.2001). Camacho filed his complaint on October 18, 2000. The record indicates that shortly after *543 Chandeleur Homes and MHP filed their separate answers to the complaint, Camacho's attorney filed a motion to withdraw as counsel. An agreed order was entered on December 18, 2000, allowing the attorney's withdrawal. The order also mandated that Camacho obtain new counsel within thirty days. Most importantly, the trial judge ordered that if Camacho had not obtained a new attorney who had filed an entry of appearance on or before January 17, 2001, the court would set a show cause hearing to decide why the suit should not be dismissed. Apparently, Camacho failed to retain an attorney because on January 23, 2001, the trial judge, upon Chandeleur Homes's ore tenus motion to dismiss, set the promised show cause hearing.
¶ 12. The following colloquy occurred at the show cause hearing:
THE COURT: Now, Ms. Camacho is present. Her husband, Mr. Camacho, the Plaintiff, is present and informed the Court that they have employed one Chris Evans who is an attorney in Tupelo, Mississippi. She advises me that Mr. Evans knew about the hearing, was acquainted that it was set for date, time, place, and the Court has had Mr.courtroomhas had the bailiff, courtroom bailiff to check the courtroom, and Mr. Evans is not present. Ms. Camacho, who is speaking for her husband, advised the Court that she informed Mr. Evans that he did not need to be present, that they would inform the Court that he was employed. Have I misstated anything now?
Ms. Camacho: No, sir.

* * * *
THE COURT: Okay. The Motion to Dismiss, the Court doesn't have any other alternative but to dismiss the matter, and I want to be certain thatI'm going to set the matter down ... Anything further? This matter is adjourned. This matter is adjourned. Thank you. You are excused.
Ms. Camacho: The case is dismissed?
THE COURT: Pardon? Ma'am?
Ms. Camacho: The case is dismissed?
THE COURT: Yes, ma'am.
Ms. Camacho: So, I have to file an appeal?
THE COURT: Yes, ma'am. You talk to Mr. Evans or whoever you want to employ. Yes, ma'am.
Ms. Camacho: Okay.
¶ 13. At the conclusion of the hearing, the trial judge found that Camacho had failed to obtain an attorney in a timely manner and that there was no good cause for such failure. Therefore, the court granted the motion to dismiss with prejudice.
¶ 14. As we have already observed, Camacho retained a new attorney who filed a motion to reconsider or, in the alternative, to alter or amend the judgment dismissing Camacho's case. At the hearing on this motion, Camacho's attorney argued that, at the May hearing, Kathy was not allowed to argue her husband's side. She was not allowed to speak and give reasons for Camacho's failure to obtain counsel. The attorney maintained that Camacho, due to financial reasons, simply could not afford to hire an attorney within the court's imposed time limit. He explained that Camacho had taken preliminary steps to hire an attorney from Tupelo. The attorney argued that the attorney had reviewed the files regarding Camacho's case and was just waiting on the fee to be paid.
¶ 15. Chandeleur Homes and MHP argue here, as they did in the trial court, that Camacho's failure to obtain a new attorney was wilful and amounted to contumacious *544 conduct. They point out that the trial court ordered Camacho to obtain an attorney within thirty days from the date of his first attorney's withdrawal and that Camacho had actual, as well as constructive, notice that unless an attorney made an appearance on his behalf, the trial court would consider dismissing the suit. Chandeleur Homes and MHP further allege that Camacho made a blatant misrepresentation to the trial judge at the show cause hearing that he had hired an attorney from Tupelo when he, in fact, had not done so.
¶ 16. We have thoroughly reviewed the record and find that, for at least two reasons, the trial judge erred and abused his discretion in dismissing Camacho's lawsuit. Firstly, there is no requirement that a party must be represented by an attorney. Therefore, dismissing a party's lawsuit simply because that party has not acquired an attorney is clearly an abuse of discretion.
¶ 17. Secondly, the period of delay (five months) in acquiring counsel was relatively short. This Court has previously reversed dismissals when the cause for delay stemmed partially from difficulty in retaining counsel. Lone Star Casino Corp., 796 So.2d at 1033(¶ 3). In Lone Star Casino Corp., the appellant presented affidavits detailing its efforts to secure an attorney. This Court emphasized the fact that the delay of twenty months to secure counsel was not egregious:
Lone Star provided evidence that its search for counsel was the cause of the delay. Proof was presented that a number of the attorneys Lone Star contacted about representation took up to three weeks to give Lone Star a decision then simply refused to represent Lone Star, while others spent weeks considering whether to represent Lone Star only to end up referring Lone Star on to some other attorney. A delay of twenty months, although lengthy, is not so egregious as to result in a dismissal of the case at bar. Since there is no clear record of dilatory or contumacious conduct and no findings of prejudice, we see no reason why Full House cannot proceed to trial on the merits of this case.

Id. at 1033(¶ 6) (emphasis added). Similarly, we also find in the present case that the five-month delay in securing an attorney was not egregious. Moreover, Chandeleur Homes and MHP do not argue that they suffered any prejudice as a result of the five-month delay, and the trial judge made no such finding.
¶ 18. Based on the record before us, we find that there is no clear indication of delay or contumacious conduct on the part of Camacho, and even if there were, the record is clear that the trial judge did not consider other less severe sanctions. Neither did he make a finding that lesser sanctions would not have served the ends of justice. An appellate court is less likely to uphold a Rule 41(b) dismissal when the trial court has not considered alternative sanctions. Hoffman, 752 So.2d at 1035(¶ 16). We find no aggravating factors, attributable to Camacho, which would justify the drastic action taken by the trial judge, nor do we find that Chandeleur Homes or MHP would be prejudiced in their defense of this matter by allowing Camacho to proceed with his lawsuit. Therefore, we reverse the judgment of the trial court and remand this case to the Circuit Court of Marshall County for further proceedings consistent with this opinion.
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF MARSHALL COUNTY IS REVERSED AND REMANDED. ALL COSTS OF THIS APPEAL *545 ARE ASSESSED TO THE APPELLEES.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., THOMAS, LEE, AND GRIFFIS, JJ., CONCUR. CHANDLER, J., DISSENTS WITH SEPARATE OPINION JOINED BY BRIDGES AND MYERS, JJ.
CHANDLER, J., dissenting.
¶ 20. I respectfully dissent. The plaintiff in this case employed an attorney who filed a complaint against the two named defendants on October 18, 2000. Shortly thereafter, the attorney filed a motion to withdraw which the trial judge granted. Following the termination of his attorney, the plaintiff took no action to prosecute his claims. The defendants filed a motion to dismiss for failure to prosecute the case and a hearing was set for February 7, 2001. Neither the plaintiff nor anyone in his behalf appeared at the hearing. Due to the plaintiff's absence, the hearing was rescheduled for May 31, 2001. The plaintiff made a pro se appearance at this hearing.
¶ 21. At the hearing the trial judge carefully questioned the plaintiff as to whether there was any justification for the failure to employ counsel and properly prosecute his claims in a timely fashion. The trial judge found that the plaintiff failed to show good cause and dismissed the case with prejudice.
¶ 22. The plaintiff, through a newly obtained attorney, filed a motion to reconsider and the trial judge heard argument on the motion in October 2001. The attorneys representing all parties offered extensive argument as to whether the plaintiff's slowness in prosecuting his claims rose to the level of contumacious conduct and whether such conduct could be corrected with sanctions less severe than dismissal of the case. The defendants also argued that the spoliation of evidence was a factor which would unduly prejudice their defense of the claims based on the deterioration of the mobile home in question since the inception of the initial complaint.
¶ 23. After the hearing, the judge took the case under advisement prior to ordering a dismissal of the claims with prejudice. I believe the record establishes that the trial judge was acting within his discretion and would affirm his decision.
BRIDGES AND MYERS, JJ., JOIN THIS SEPARATE WRITTEN OPINION.
NOTES
[1] The date of delivery seems to be a typographical error because the complaint was filed on October 18, 2000, which is before the date of delivery alleged in the complaint.
[2] MHP contends that it did attempt to make repairs but that Camacho would not allow it inside the mobile home to do so.