# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2008-CA-00589-SCT

*ANN ODEM HILLMAN*

*v.*

*WILLIAM B. WEATHERLY*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/29/2008 |
| TRIAL JUDGE: | HON. ROGER T. CLARK |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | CAREY R. VARNADO |
| | SHANNON S. MCFARLAND |
| ATTORNEYS FOR APPELLEE: | LUTHER T. MUNFORD |
| | JAMES GRADY WYLY, III |
| | WILLIAM CROSBY PARKER |
| | THEAR I. LEMOINE |
| NATURE OF THE CASE: | CIVIL - LEGAL MALPRACTICE |
| DISPOSITION: | AFFIRMED - 08/13/2009 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRAVES, P.J., KITCHENS AND CHANDLER, JJ.**

**CHANDLER, JUSTICE, FOR THE COURT:**

¶1.     Ann Odem Hillman filed a complaint for legal malpractice against attorney William

Weatherly on September 4, 2002.  Hillman alleged that she was involved in a motor-vehicle

accident on September 4, 1996.  She alleged that on July 7, 1999, William Weatherly agreed

to represent Hillman in a personal-injury action arising from the accident, but he failed to file

suit before the running of the applicable statute of limitations.  Hillman requested $250,000,

representing the amount she would have been entitled to recover in the personal-injury suit but for Weatherly's alleged malpractice.

¶2. On February 29, 2008, the circuit court dismissed Hillman's complaint with prejudice for failure to prosecute under Mississippi Rule of Civil Procedure 41(b). Hillman appeals, arguing that the circuit court abused its discretion by dismissing her complaint with prejudice. We find that the circuit court applied the appropriate legal standard and committed no abuse of discretion. Therefore, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶3. Hillman filed her complaint on September 4, 2002. Two attorneys signed Hillman's complaint: Greg L. Spyridon, who was licensed to practice law in Mississippi, and Camilo K. Salas III, who was licensed in Louisiana, but not in Mississippi. Hillman filed a "Notice of Motion and Ex Parte Motion for Leave to Appear Pro Hac Vice and for Limited Practice Admission" to allow Salas to represent Hillman in the case. Although the motion stated that attached to the motion were both Salas's affidavit and a certificate of the Louisiana State Bar Association showing Salas was in good standing, these documents do not appear in the record.[1]

¶4. Weatherly filed an answer on October 7, 2002. On December 16, 2002, Weatherly propounded his first set of interrogatories and document requests to Hillman, along with medical records and earnings authorizations for Hillman to sign. On March 11, 2003,

---

[1] It is undisputed that the circuit court never entered an order authorizing Salas's appearance pro hac vice. Nonetheless, all of the documents that were filed after the complaint on Hillman's behalf were signed by only Salas until December 17, 2007.

2

Weatherly sent Hillman a good-faith letter requesting answers to discovery. Nothing occurred until February 4, 2005, when the circuit clerk moved to dismiss the case for want of prosecution, because there had been no action of record for the preceding twelve months. *See* Miss. R. Civ. P. 41(d)(1).[2]

¶5. On March 4, 2005, Hillman propounded discovery and noticed Weatherly's deposition. Weatherly served answers to Hillman's first set of interrogatories on June 27, 2005. Weatherley sent two letters in June and July 2005, requesting that Hillman provide answers to discovery before the parties' depositions occurred on August 25, 2005. In a July 19, 2005, letter, Salas represented that they expected to respond to discovery before August 20, 2005. However, Hillman did not provide the responses before the parties' depositions occurred on August 25, 2005. In her deposition, Hillman stated that the car accident had caused problems with her left arm, that her only prior hospitalizations were for gallbladder surgery and rotovirus, that she had never experienced any broken bones, and that she had experienced episodes of stumbling or falling after the car accident, but not before.

¶6. On January 3, 2006, Weatherly again forwarded medical records and earnings authorizations to Hillman for execution. On March 15, 2006, Weatherly served Hillman with

---

[2] In all civil actions wherein there has been no action of record during the preceding twelve months, the clerk of the court shall mail notice to the attorneys of record that such case will be dismissed by the court for want of prosecution unless within thirty days following said mailing, action of record is taken or an application in writing is made to the court and good cause shown why it should be continued as a pending case. If action of record is not taken or good cause is not shown, the court shall dismiss each such case without prejudice.

Miss. R. Civ. P. 41(d)(1).

supplemental discovery, including interrogatories, requests for the production of documents, and medical and earnings authorizations. The supplemental discovery asked whether at any time before the accident, Hillman had sustained bodily injury of any kind through an accident, illness, sickness, disease, or surgical procedure, and requested all medical records pertaining to such injury or illness. On May 16, 2006, Weatherly served a subpoena duces tecum on State Farm Insurance Company, demanding its claim file pertaining to Hillman's automobile accident.

¶7.    A May 23, 2006, letter from Weatherley's attorney to Salas confirmed an agreement to postpone further discovery pending Hillman's settlement demand. On May 23, 2006, State Farm moved for a protective order, prompting Weatherly's attorney to request on June 13, 2006, that Hillman either make a settlement demand or forward signed authorizations so that discovery could proceed. Salas responded with a note promising he would send a settlement demand by the end of the week. However, the record reflects no further communication from Salas until October 2007.

¶8.    On May 25, 2006, State Farm's attorney forwarded documents to Salas in response to Weatherly's subpoena, including a police report, a property damage estimate, medical records, and Hillman's sworn statement. On December 12, 2006, Weatherly's attorney communicated by letter that he had not yet received a settlement demand, and requested that Salas either make a settlement demand, or respond to the outstanding discovery. On March 7, 2007, Weatherly's attorney notified Salas by letter that, because he had not received a settlement offer or discovery responses, he would file a motion to compel if discovery

4

responses were not received by March 21, 2007. Although the letter included an enclosed draft motion to compel, Weatherly never filed a motion to compel.

¶9. On June 20, 2007, the clerk moved to dismiss for want of prosecution. On June 27, 2007, Hillman's Mississippi counsel, Spyridon, moved to withdraw as counsel of record. On July 2, 2007, the court granted the motion, and ordered Hillman and Salas to associate other local counsel within thirty days. On July 5, 2007, Salas noticed the deposition of Hillman's neurologist, Dr. Bertha J. Blanchard, which was never taken. On July 24, 2007, the circuit court granted Hillman's motion for additional time to retain local counsel, and set the deadline as August 16, 2007. On August 22, 2007, the court granted a second motion for additional time, giving Hillman and Salas until August 31, 2007, to retain local counsel. On September 26, 2007, Weatherly moved to dismiss for want of prosecution under Mississippi Rule of Civil Procedure 41(b), or alternately, to strike all pleadings filed by Salas because he never had been admitted pro hac vice.

¶10. Having never retained local counsel, on October 2, 2007, Salas sent a letter to Weatherly's counsel enclosing Hillman's medical and earnings authorizations, which were signed and dated May 10, 2006. Salas stated that he had not forwarded these earlier due to his understanding that the parties were engaged in settlement negotiations.

¶11. In another October 2, 2007, letter, Salas enclosed the State Farm claim file and the medical records from Dr. Blanchard, and promised to forward discovery responses and a settlement demand. Dr. Blanchard's records showed that Hillman had seen Dr. Blanchard beginning December 22, 1999, and Dr. Blanchard had diagnosed Hillman with "probable whiplash syndrome post motor vehicle accident." However, Dr. Blanchard's medical records

5

also revealed that Hillman had undergone a prior left rotator cuff repair surgery, a 1983 surgery to remove a disc from her neck, and 1985 surgeries to repair injuries from a fall from a ladder, including a broken right arm and a crush injury to her right ankle. Thus, Dr. Blanchard's records conflicted with Hillman's deposition testimony that she had had no prior hospitalizations other than for gallbladder surgery and rotovirus, and no prior broken bones.

¶12. On October 24, 2007, Weatherley's counsel communicated that the medical and earnings authorizations dated May 10, 2006, now were too old to be accepted by the providers, and he requested that Hillman execute new authorizations. On October 31, 2007, Hillman produced updated medical authorizations. A January 14, 2008, affidavit of a paralegal employed by Weatherly's counsel detailed her unsuccessful attempts in 2005 and 2006 to contact the driver of the other automobile involved in the accident. The affidavit and attached documentation also indicated that some of Hillman's medical providers had stated that her medical records had been destroyed due to the passage of time.

¶13. Hillman finally retained Mississippi counsel on December 10, 2007, and she filed an opposition to the motion to dismiss on December 17, 2007. An affidavit executed by Salas accompanied the motion. In it, Salas swore that he had operated under the impression that the motion to admit him pro hac vice had been granted, noting that the clerk had never rejected any of his filings. He stated that he had been unable to retain local counsel. Salas averred that he had made his first settlement demand on October 11, 2007.[3] Salas's affidavit also contained legal arguments on why there were no grounds to strike his pleadings or to

---

[3] That offer, in the amount of $250,000, was rejected.

dismiss for failure to prosecute; he averred that the case was ready to be tried. On December 19, 2007, Salas moved to withdraw as counsel pro hac vice.

¶14. After a hearing on February 29, 2008, a date more than five years after the filing of the complaint, the circuit court dismissed the case with prejudice pursuant to Rule 41(b) for failure to prosecute. The circuit court found that there was a clear record of delay on the part of Hillman, that a lesser sanction than dismissal with prejudice was not in the interests of justice, and that aggravating factors were present that supported dismissal with prejudice. Also, the circuit court struck all pleadings filed by Salas, finding that Salas had never been admitted pro hac vice to practice law in Mississippi.

## STANDARD OF REVIEW

¶15. This Court reviews a circuit court's dismissal of an action for want of prosecution for abuse of discretion. *Hill v. Ramsey*, 3 So. 3d 120, 122 (Miss. 2009) (citing *Cucos, Inc. v. McDaniel*, 938 So. 2d 238, 240 (Miss. 2006)).

## DISCUSSION

¶16. Hillman presents a single issue for the Court's review:

**DID THE CIRCUIT COURT ABUSE ITS DISCRETION BY DISMISSING THIS CASE WITH PREJUDICE UNDER MISSISSIPPI RULE OF CIVIL PROCEDURE 41(B)?**

¶17. Mississippi Rule of Civil Procedure 41(b) states:

**(b) Involuntary dismissal: effect thereof.** *For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him.* After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The

7

court may then render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff, the court may make findings as provided in Rule 52(a). *Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any other dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.*

(Emphasis added.) Rule 41(b) embodies the tenet that "any court of law or equity may exercise the power to dismiss for want of prosecution. This power, inherent to the courts, is necessary as a means to 'the orderly expedition of justice' and 'the court's control of its own docket.'" *Cucos*, 938 So. 2d at 240 (citing *Walker v. Parnell*, 566 So. 2d 1213, 1216 (Miss. 1990) (quoting *Watson v. Lillard*, 493 So.2d 1277, 1278 (Miss. 1986))). However, the remedy of dismissal with prejudice "is an extreme and harsh sanction that deprives a litigant of the opportunity to pursue his claim, and any dismissals with prejudice are reserved for the most egregious cases." *Wallace v. Jones*, 572 So. 2d 371, 376 (Miss. 1990). "What constitutes failure to prosecute is considered on a case-by-case basis." *Cox v. Cox*, 976 So. 2d 869, 874 (Miss. 2008).

¶18. This Court has adopted the standard promulgated by the Fifth Circuit for review of dismissals with prejudice for failure to prosecute under Rule 41(b). *Am. Tel. & Tel. Co. v. Days Inn of Winona*, 720 So. 2d 178, 181 (Miss. 1998) (citing *Rogers v. Kroger Co.*, 669 F.2d 317 (5th Cir. 1982)). There is no set time limit for the prosecution of an action; a dismissal with prejudice will be affirmed only if there is a showing of a clear record of delay or contumacious conduct by the plaintiff, and where lesser sanctions would not serve the best interests of justice. *Id.* at 180-81. The propriety of a dismissal with prejudice is bolstered

8

by the presence of aggravating factors, including: (1)"the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay," (2) "the degree of actual prejudice to the defendant," and (3) "whether the delay was the result of intentional conduct." *Am. Tel. & Tel. Co.*, 720 So. 2d at 181 (quoting *Rogers*, 669 F.2d at 320).

### A. Clear record of delay or contumacious conduct

¶19.    The circuit court found that there was a clear record of delay, because Hillman had been dilatory in the prosecution of her case from the date the complaint was filed. The circuit court noted that, after filing the complaint, Hillman's first affirmative action was taken in response to the clerk's first motion to dismiss for want of prosecution. The court also observed that, despite numerous requests from Weatherly, Hillman had failed to respond to discovery or to timely provide medical authorizations. As a result, many of the medical providers no longer had Hillman's medical records because the providers were not obligated to maintain the records for more than ten years.

¶20.    This Court finds that the more than five-year record in this case substantially supports the circuit court's finding of a clear record of delay. Two clerk's motions to dismiss for want of prosecution were filed in this case, each indicating that no action of record was taken for at least the previous twelve months. Hillman filed her complaint on September 4, 2002, but she did not initiate any action of record until after the clerk moved to dismiss the case on February 4, 2005, for want of prosecution. Thus, there was no action of record for more than two years, from December 16, 2002, when Weatherly filed discovery, until March 4, 2005, when Hillman filed discovery and noticed Weatherly's deposition. In affirming a dismissal

without prejudice for failure to prosecute, this Court has found that nineteen months of inactivity was "sufficient delay, standing alone, to warrant dismissal." **Hill**, 3 So. 3d at 122.

¶21.   The record reflects that, throughout the course of the more than five-year period, Hillman was dilatory in responding to discovery. Despite the circuit court rule that discovery be completed within ninety days of the service of the answer by the defendant, Hillman did not respond to Weatherly's discovery requests for the entire three-year period prior to the parties' agreement to postpone discovery pending settlement. *See* Miss. Unif. Cir. & Cty. R. 4.04(A).   In fact, Hillman never responded to Weatherly's interrogatories.   Although discovery was suspended pending settlement negotiations on May 23, 2005, Hillman made no settlement demand until October 11, 2007, after Weatherly had filed the motion to dismiss.   "[T]he pendency of negotiations is not an excuse where the delay is unreasonably long . . . or if it continues after it is apparent that the negotiations would not be fruitful." **Cox**, 976 So. 2d at 875.   Although Hillman eventually provided responses to Weatherly's document requests, she did not do so until October 2, 2007, a date which was: (1) more than six months after Weatherly threatened to file a motion to compel Hillman's discovery responses, (2) after the clerk filed a second clerk's motion to dismiss in June 2007, and (3) after Weatherly filed his motion to dismiss on September 26, 2007.   We previously have considered the fact that a plaintiff's sole activity was reactionary in concluding that the record supported a finding of a clear record of delay. **Hill**, 3 So. 2d at 122.

¶22.   Hillman admits that delay occurred, but she argues, without citation to precedent, that Weatherly should have filed a motion to compel discovery responses.   However, when assessing the propriety of a Rule 41(b) dismissal, the Court consistently has applied the test

enunciated in ***American Telephone and Telegraph Co. Am. Tel. & Tel. Co.***, 720 So. 2d at 181; *see **Hill***, 3 So. 3d at 122; ***Wilson v. Nance***, 4 So. 3d 336, 340-346 (Miss. 2009); ***Cox***, 976 So. 2d at 874-880; ***Miss. Dep't of Human Servs. v. Guidry***, 830 So. 2d 628, 633-34 (Miss. 2002); ***Hoffman v. Paracelsus Health Care Corp.***, 752 So. 2d 1030, 1033-1035 (Miss. 1999). This test focuses on the plaintiff's conduct, not on the defendant's efforts to prod a dilatory plaintiff into action. We hold that the record substantially supported the circuit court's finding of a clear record of delay.

*B. Lesser sanctions*

¶23. This Court has held that a case should be dismissed with prejudice under Rule 41(b) only if lesser sanctions are inadequate. ***Wilson***, 4 So. 3d at 343. "Lesser sanctions include 'fines, costs, or damages against plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings.'" ***Miss. Dep't of Human Servs.***, 830 So. 2d at 633 (quoting ***Wallace***, 572 So. 2d at 377). "Where there is no indication in the record that the lower court considered any alternative sanctions to expedite the proceedings, appellate courts are less likely to uphold a Rule 41(b) dismissal." ***Hoffman***, 752 So. 2d at 1035 (citation omitted); ***Wilson***, 4 So. 3d at 343.

¶24. The circuit court explicitly considered lesser sanctions, including fines, costs, or damages against Hillman or her counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, or explicit warnings. The circuit court found that Weatherly would be prejudiced if the matter were allowed to proceed, due to the obstruction of discovery by Hillman and Salas and the resultant unavailability and destruction of

11

necessary medical records. Therefore, the circuit court determined that imposing a lesser sanction than dismissal with prejudice would not best serve the interests of justice.

¶25. We find that the record supported the circuit court's determination. Evidence showed that Hillman obstructed discovery, because she was not truthful about her medical history at her deposition, which prejudiced Weatherly because it thwarted his timely acquisition of Hillman's medical records and his ability to identify and depose her treating physicians. And, Salas's continued deflection of Weatherly's good-faith written requests for Hillman's discovery responses obstructed discovery. Although Hillman argues that the available medical records produced in October 2007 provided Weatherly with ample information with which to defend the suit, it is evident that the complete medical records of Hillman's pre-existing conditions were unobtainable due to Hillman and Salas's obstructive and dilatory conduct. Also, Weatherly was prejudiced because no witnesses to the car accident were available. "The unavailability of witnesses who could have provided valuable testimony may prejudice a defendant." *Cox*, 976 So. 2d at 877. This Court has affirmed a dismissal with prejudice when lesser sanctions could not cure the prejudice to a defendant caused by the delay. *Id.* at 876. Accordingly, we find that the circuit court did not abuse its discretion in concluding that dismissal with prejudice was required in the best interests of justice, especially in light of the evident prejudice to Weatherly.

### C. Aggravating factors

¶26. The circuit court also found that aggravating factors were present that bolstered a dismissal with prejudice, citing the following evidence: (1) the whereabouts of key witnesses were unknown due to the passage of more than eleven years since the underlying car

accident; (2) several of Hillman's medical providers had advised Weatherly that the requested records had been expunged, including those of Hillman's primary-care physician immediately following the accident; (3) Hillman's pre-accident medical records were no longer available, which would hamper Weatherly's ability to determine if she had suffered from any pre-existing conditions; (4) during Hillman's deposition, she failed to disclose prior significant medical and surgical history, thus implicating herself in the spoliation of evidence; (5) Hillman failed to respond to Weatherly's discovery despite Weatherly's numerous good-faith letters; (6) neither Hillman nor Salas provided a reasonable explanation for the delay; and (7) dismissal was warranted because Salas failed to comply with the court order to retain Mississippi counsel, and because all the pleadings Salas filed should be stricken because he was never admitted to practice in Mississippi courts.

¶27.   The aggravating factors to be considered include: (1) "the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay," (2) "the degree of actual prejudice to the defendant," and (3) "whether the delay was the result of intentional conduct." *Am. Tel. & Tel. Co.*, 720 So. 2d at 181 (quoting *Rogers*, 669 F.2d at 320).  The facts identified by the circuit court strongly implicate two of the three aggravating factors.

### 1.  Plaintiff's personal responsibility for the delay

¶28.   Hillman argues that there was no evidence that she was personally responsible for the delay, which she attributes solely to Salas's malfeasance.  However, the record amply supports the circuit court's finding that Hillman was personally responsible for spoliation of the evidence, because she did not disclose her prior medical history at her deposition, which prevented Weatherly from acquiring Hillman's medical records before their destruction.

13

This finding indicates that Hillman bore some personal responsibility for obstructing discovery. A plaintiff's willful and prejudicial failure to disclose pre-existing conditions at her deposition has been held to support a dismissal under Rule 37 as a sanction for discovery violations. ***Scoggins v. Ellzey Beverages, Inc.***, 743 So. 2d 990, 997 (Miss. 1999). Certainly, the record reflects that Hillman had some degree of personal responsibility for the delay in prosecution.

### 2. Degree of actual prejudice to the defendant

¶29. The record strongly supports the circuit court's finding that Weatherly would suffer actual prejudice if this case were permitted to go to trial. The underlying car accident occurred in 1996, eleven years before Weatherly filed the motion to dismiss. Due to the delay, medical records from the physician who treated Hillman immediately following the accident had been destroyed, as had much of the medical history pertaining to Hillman's pre-existing medical conditions. Also, Weatherly was unable to locate the key witness to the car accident. These deficiencies in the evidence caused by the delay substantially supported the circuit court's decision that Weatherly was actually prejudiced by the delay.

### 3. Whether the delay was the result of intentional conduct

¶30. Weatherly argues that the delay was the result of intentional conduct, because Hillman never provided any reason for the delay and because Salas never was admitted pro hac vice. However, the circuit court made no specific finding that Hillman's dilatory conduct was intentional. This Court perceives nothing in the record that suggests the conduct identified by Weatherly was intentional rather than negligent, although we note that Hillman's dishonesty at her deposition indicates intention. Nonetheless, as discussed above, the

14

propriety of the dismissal with prejudice was supported by the presence of the two aggravating factors found by the circuit court.

## CONCLUSION

¶31. We hold that the circuit court was within its discretion in finding that there was a clear record of delay, that the interests of justice required no lesser sanction than dismissal with prejudice, and that aggravating factors were present in the form of Hillman's personal responsibility for the delay and actual prejudice to Weatherly. Therefore, we hold that the trial court did not abuse its discretion by dismissing Hillman's complaint with prejudice under Rule 41(b) for failure to prosecute.

¶32. **AFFIRMED.**

**WALLER, C.J., CARLSON AND GRAVES, P.JJ., RANDOLPH, LAMAR, KITCHENS AND PIERCE, JJ., CONCUR. DICKINSON, J., NOT PARTICIPATING.**