# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2010-CT-01169-SCT

*HERBERT C. HANSON, JR.*

*v.*

*JOHN GREGORY DISOTELL, J & J INVESTMENTS, LLC, WEST HARRISON FARMS, LLC, HARRISON COUNTY CODE ADMINISTRATION AND BEN G. CLARK*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 06/29/2010 |
| TRIAL JUDGE: | HON. JOHN C. GARGIULO |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | FLOYD J. LOGAN |
| ATTORNEY FOR APPELLEES: | TIM C. HOLLEMAN |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | AFFIRMED - 01/31/2013 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC**.

**DICKINSON, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     After the trial judge granted the defendants summary judgment, this Court reversed and remanded for trial. More than four years later, the trial judge – finding the plaintiff had failed to prosecute his claim – entered a final judgment as to all defendants. Because we are unable to say the trial judge abused his discretion, we affirm.

## BACKGROUND FACTS AND PROCEEDINGS

¶2.     After OPM-USA leased property from Herbert C. Hanson to construct a cellular tower, Harrison County Building Code Administrator Ben Clark – finding the proposed tower did not meet safety regulations because its height was larger than the property's borders – denied OPM-USA a construction-site permit.  OPM-USA then entered into a contract with Hanson's neighbor, West Harrison Farms, LLC, to construct the tower on its property.  Hanson sued OPM-USA for breach of contract, and the parties settled.

¶3.     Hanson then amended his complaint to include as additional defendants: John Gregory Disotell, West Harrison Farms, J & J Investments, LLC, Clark, and Harrison County (collectively referred to as "Appellees").  Hanson alleged that Clark and Disotell – who acted through J & J Investments and were hired by West Harrison Farms – conspired to interfere with his lease and have his permit rejected.

¶4.     After Harrison County filed a  motion for summary judgment, the trial court took the motion under advisement and allowed discovery to proceed.  From 1999 to 2002, the parties took depositions of all parties and witnesses, including Ben Clark (who died in 2004).  Hanson filed a motion for a trial setting but, instead of setting the matter for trial, the trial judge granted the defendants summary judgment.  On July 21, 2005, this Court reversed and remanded the case for trial.  After the remand, nothing was filed in the record until June 30, 2009, when Harrison County moved to substitute counsel.

¶5.     On September 1, 2009, Hanson sent a letter to counsel for the defendants with potential trial dates. Harrison County responded that, due to the new board attorney's having taken over that position in July 2009, Harrison County would need more time to prepare for

2

trial. Hanson then filed a motion to set the case for trial, and Harrison County, Clark, Disotell, and J & J Investments filed a motion to dismiss for lack of prosecution.

¶6.    Following a hearing, the trial court granted the motion to dismiss, stating that Hanson had failed to prosecute the case or take any action of record from 2005 to 2009. The trial court further found that the imposition of lesser sanctions would not serve the best interests of justice.

¶7.    Then, West Harrison Farms filed its motion to dismiss, and Hanson filed a motion to reinstate the case for trial. The trial court denied Hanson's motion and granted a final judgment of dismissal for all the defendants. Aggrieved, Hanson appealed. The Court of Appeals affirmed,[1] and we granted Hanson petition for a writ of certiorari.

## ANALYSIS

¶8.    The trial court dismissed Hanson's complaint under authority of Rule 41(b), which states in relevant part that, "[f]or failure of the plaintiff to prosecute . . , a defendant may move for dismissal of an action or of any claim against him."[2] Our precedent clearly provides trial judges the "inherent authority to dismiss cases for failure to prosecute as a means of controlling the court's docket and ensuring [expeditious] justice."[3]

---

[1]*Hanson v. Disotell*, 2011 WL 5373663, *1-2  (Miss. Ct. App. Nov. 8, 2011).

[2]Miss. R. Civ. P. 41(b).

[3]*Watson v. Lillard*, 493 So. 2d 1277, 1278 (Miss. 1986).

¶9.     We do not reverse trial judges who grant Rule 41(b) dismissals unless we find that, in so doing, they abused their discretion.[4] And this Court has held that either delay or contumacious conduct provides a sufficient basis for a trial judge to dismiss pursuant to Rule 41(b), provided that the trial judge finds that a lesser sanction would not serve the best interests of justice.[5] Lesser sanctions may include "'fines, costs, or damages against plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings.'"[6]

¶10.    The parties presented the trial judge with arguments and facts that supported their respective positions. The defendants pointed out that eleven years had passed since the filing of the complaint, and – from July 2005, when this Court issued its mandate remanding the case, until October 2009, when Hanson filed a motion to set the trial – the plaintiff had filed nothing of record. Defendants also pointed out that one of the parties – Ben Clark – had died, and certain witnesses had relocated.

¶11.    Hanson blamed the delay on "Hurricane Katrina, the retirement and reassignment of judges, changes of counsel representing Defendant, Harrison County, and Defendant, Harrison County's counsel's refusal to agree to a trial date." Hanson also pointed out that, although Ben Clark had indeed passed away during the delay, his deposition was available for trial.

---

[4] *Collins v. Koppers, Inc.,* 59 So. 3d 582, 589 (Miss. 2011) (citing *Wallace v. Jones*, 572 So. 2d 371, 375 (Miss. 1990)); *Cox v. Cox*, 976 So. 2d 869, 874 (Miss. 2008).

[5] *Holder v. Orange Grove Med. Specialties, P.A.*, 54 So. 3d 192, 198 (Miss. 2010) (citations omitted).

[6] *Id.* (quoting *Wallace*, 572 So. 2d at 377).

¶12. The trial court found that the plaintiff's failure to take any action of record for four years, coupled with the fact that Hanson filed his motion for a trial date only in reaction to the defendants' motion to substitute counsel, exhibited a "record of dilatoriness and delay."

¶13. We find that a reasonable trial judge very well might have denied the defendants' motion to dismiss. But as an appellate court applying an abuse of discretion standard, we cannot reverse on that basis.[7] Instead, we must affirm the trial judge unless we find he abused his discretion. And the facts presented here are far more than sufficient to support the trial judge's decision.

¶14. Hanson's argument, and his reasons for the delay, were considerations for the trial court. Also, this Court entered an order of relief for attorneys and litigants affected by Hurricane Katrina.[8] Hanson never asserted any special circumstances (regarding Hurricane Katrina) entitling him to relief beyond that which we granted in our order.

## CONCLUSION

¶15. Because we are unable to find that the trial court abused its discretion by dismissing this case when the plaintiff failed to file anything of record for more than four years, we affirm the judgments of the Harrison County Circuit Court and the Court of Appeals.

¶16. **AFFIRMED.**

**RANDOLPH, P.J., LAMAR, CHANDLER AND COLEMAN, JJ., CONCUR. KITCHENS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY WALLER, C.J., AND KING, J. PIERCE, J., NOT PARTICIPATING**.

---

[7]***Holder***, 54 So. 3d at 196.

[8]*See **In re: Emergency Procedures Related to Hurricane Katrina's Disruption of Judicial Processes***, No. 2005-AD-00001 (Sept. 6, 2005).

5

**KITCHENS, JUSTICE, DISSENTING:**

¶17.    At issue is the four-year period from July 2005, when this Court issued its mandate remanding the case, until October 2009, when Hanson filed a motion to set the trial. The majority holds that the trial court did not abuse its discretion by dismissing the case with prejudice for failure to prosecute because there was no action of record by the plaintiff in four years and because Hanson's motion to set the case for trial was filed as a "reaction" to the defendants' motion to substitute counsel. Because these are not legally sufficient justifications for an involuntary dismissal under Rule 41(b), I respectfully dissent.

¶18.    Dismissal for failure to prosecute is a "penalty for dilatoriness." M.R.C.P. 41(b) cmt. It "is 'reserved for the most egregious cases,' due to the 'extreme and harsh sanction that deprives a litigant of the opportunity to pursue his claim.'" *Jackson Pub. Sch. Dist. v. Head ex rel. Russell*, 67 So. 3d 761, 765 (Miss. 2011) (quoting *Hillman v. Weatherly*, 14 So. 3d 721, 726 (Miss. 2009)). To affirm a Rule 41(b) dismissal on appeal "[i]t must be clear from the record that the delay was the result of the plaintiff's failure to prosecute the claim, rather than extrinsic factors beyond the control of the plaintiff." *Barry v. Reeves*, 47 So. 3d 689, 694 (Miss. 2010). Typically, dismissals for want of prosecution "are affirmed only when there is a clear record of delay or contumacious conduct enhanced by at least one aggravating factor, and lesser sanctions would be ineffective." *Jackson Pub. Sch. Dist.*, 67 So. 3d at 765 (citing *AT&T v. Days Inn of Winona*, 720 So. 2d 178, 181 (Miss. 1998)). Aggravating factors include "the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, the degree of actual prejudice to the defendant, and

6

whether the delay was the result of intentional conduct." *AT&T*, 720 So. 2d at 181 (quoting *Rogers v. Kroger Co.*, 669 F. 2d 317, 320 (5th Cir. 1982)).

¶19. In the present case, the record does not reflect any clear, intentional, dilatory conduct by the plaintiff or his attorney. Just after this Court's mandate issued in this case in 2005, Hurricane Katrina struck the Mississippi Gulf Coast, which includes Harrison County. No proceedings took place in Harrison County Circuit Court until 2006. The majority faults Hanson for not availing himself of this Court's Emergency Administrative Order issued in September 2005, but does not explain how this order would have helped Hanson bring his case to trial. *In re Emergency Procedures Related to Hurricane Katrina's Disruption of Judicial Processes*, Case No. 2005-AD-0001 (Order Sept. 6, 2005). The order authorized trial courts to extend deadlines and reschedule hearings and trials, but at that time, the case only recently had been remanded to the trial court.

¶20. In fact, the record reflects that Hanson attempted to bring the case to trial but that the defendants were unresponsive. The record includes a letter from Hanson's lawyer, dated August 16, 2007, in which the attorney for the plaintiff stated that he had been unable to reach the opposing parties' attorneys regarding a trial date and proposed to them a trial date of either January 22 or January 28, 2008. No response from opposing counsel is contained in the record. On September 1, 2009, Hanson's lawyer again contacted counsel for the defendants with potential trial dates and asked for input about the parties' availability. Harrison County's attorney responded that he "appreciate[d] [Hanson's] desire to get this matter resolved quickly," but due to his having recently taken over that position, he would

7

need more time to prepare for trial. The letter further suggested a potential trial setting in October or November 2010 – more than a year after Hanson's September 1, 2009, letter.

¶21. Having failed in his attempts to obtain a mutually agreeable trial date, Hanson filed a motion to set the case for trial on October 2, 2009. The majority, agreeing with the Court of Appeals and the trial court, inexplicably finds this motion a mere reaction to Harrison County's motion to substitute counsel, rather than a genuine effort to proceed with the case. A motion to set the case for trial may support a finding of clear delay by the plaintiff if it is filed in response to a *motion to dismiss*. **Hillman**, 14 So. 3d at 727 (citing **Hill v. Ramsey**, 3 So. 3d 120, 122 (Miss. 2009)). In the context of this case, I fail to see how Harrison County's motion to substitute counsel would indicate an attempt to have the case dismissed for failure to prosecute.

¶22. Given the sequence of events and Hanson's efforts to communicate with opposing counsel, the record does not support a finding that Hanson's motion to set trial was a mere reaction to a change in representation of one of the defendants. However, the record does support a finding of reactionary conduct, not by Hanson, but by the defendants. As Judge Russell astutely noted in her dissent, "it was only after Hanson's counsel attempted to move forward with a trial by filing his motion to set trial that defense counsel reacted by filing a motion to dismiss for lack of prosecution." **Hanson v. Disotell**, 2011 WL 5373663, *7(Miss. Ct. App. Nov. 8, 2011) (Russell, J., dissenting). While Hanson made efforts to proceed in the litigation, the record demonstrates that the defendants made attempts to avoid a trial.

¶23. Other than a period of inactivity (in the aftermath of a hurricane that was disruptive in the extreme) and the so-called reactionary motion to set the case for trial, the majority cites

8

no reasons that would support our affirming a dismissal for failure to prosecute. Moreover, there is no finding that the passage of time prejudiced the defendants. The majority references the death of Ben Clark, but does not make a finding that his death was prejudicial to the defendants. In fact, Clark's deposition had been taken in anticipation of his imminent death, and his estate had been substituted in his place before the case reached this Court on interlocutory appeal. As for certain witnesses having relocated, there is nothing in the record to support this assertion by the defendants, or, even if true, that this posed a problem for the defendants.

¶24. Finally, the only evidence to indicate the trial judge's consideration of lesser sanctions is a perfunctory remark in his written order that "no lesser sanctions would suffice," with no reference to what lesser sanctions, if any, he considered. When the trial judge announced his decision at the hearing on the motion to dismiss, he made no mention of lesser sanctions. Nothing in the record suggests that the trial court considered any sanction other than the one requested by the defendants – dismissal – a punishment "reserved for the most egregious cases." *Hillman*, 14 So. 3d at 726. From the totality of the circumstances appearing in the record, it is not apparent that the trial court should have done anything other than proceed to a trial on the merits.

¶25. Although a trial court may exercise its discretion in granting motions to dismiss for failure to prosecute, that discretion is not unfettered. We require more than a period of inactivity on the docket before a Rule 41(b) dismissal is appropriate, for the law favors trial of issues on the merits. *AT&T*, 720 So. 2d at 181. In the present case, there was no clear record of dilatory conduct by Hanson or any circumstances that would warrant this most

9

extreme sanction. Without the proper legal justification, the trial court erred in dismissing the case. Because I would reverse the dismissal for failure to prosecute, I respectfully dissent.

**WALLER, C.J., AND KING, J., JOIN THIS OPINION.**