KITCHENS, Justice,
dissenting:
¶ 17. At issue is the four-year period from July 2005, when this Court issued its mandate remanding the case, until October 2009, when Hanson filed a motion to set the trial. The majority holds that the trial court did not abuse its discretion by dismissing the case with prejudice for failure to prosecute because there was no action of record by the plaintiff in four years and *349 because Hanson’s motion to set the case for trial was filed as a “reaction” to the defendants’ motion to substitute counsel. Because these are not legally sufficient justifications for an involuntary dismissal under Rule 41(b), I respectfully dissent.
¶ 18. Dismissal for failure to prosecute is a “penalty for dilatoriness.” M.R.C.P. 41(b) cmt. It “is ‘reserved for the most egregious cases,’ due to the ‘extreme and harsh sanction that deprives a litigant of the opportunity to pursue his claim.’” Jackson Pub. Sch. Dist. v. Head ex rel. Russell, 67 So.3d 761, 765 (Miss.2011) (quoting Hillman v. Weatherly, 14 So.3d 721, 726 (Miss.2009)). To affirm a Rule 41(b) dismissal on appeal “[i]t must be clear from the record that the delay was the result of the plaintiffs failure to prosecute the claim, rather than extrinsic factors beyond the control of the plaintiff.” Barry v. Reeves, 47 So.3d 689, 694 (Miss.2010). Typically, dismissals for want of prosecution “are affirmed only when there is a clear record of delay or contumacious conduct enhanced by at least one aggravating factor, and lesser sanctions would be ineffective.” Jackson Pub. Sch. Dist., 67 So.3d at 765 (citing AT & T v. Days Inn of Winona, 720 So.2d 178, 181 (Miss.1998)). Aggravating factors include “the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, the degree of actual prejudice to the defendant, and whether the delay was the result of intentional conduct.” AT & T, 720 So.2d at 181 (quoting Rogers v. Kroger Co., 669 F.2d 317, 320 (5th Cir. 1982)).
¶ 19. In the present case, the record does not reflect any clear, intentional, dilatory conduct by the plaintiff or his attorney. Just after this Court’s mandate issued in this case in 2005, Hurricane Katrina struck the Mississippi Gulf Coast, which includes Harrison County. No proceedings took place in Harrison County Circuit Court until 2006. The majority faults Hanson for not availing himself of this Court’s Emergency Administrative Order issued in September 2005, but does not explain how this order would have helped Hanson bring his case to trial. In re Emergency Procedures Related to Hurricane Katrina’s Disruption of Judicial Processes, Case No.2005-AD-0001 (Order Sept. 6, 2005). The order authorized trial courts to extend deadlines and reschedule hearings and trials, but at that time, the case only recently had been remanded to the trial court.
¶ 20. In fact, the record reflects that Hanson attempted to bring the case to trial but that the defendants were unresponsive. The record includes a letter from Hanson’s lawyer, dated August 16, 2007, in which the attorney for the plaintiff stated that he had been unable to reach the opposing parties’ attorneys regarding a trial date and proposed to them a trial date of either January 22 or January 28, 2008. No response from opposing counsel is contained in the record. On September 1, 2009, Hanson’s lawyer again contacted counsel for the defendants with potential trial dates and asked for input about the parties’ availability. Harrison County’s attorney responded that he “appreciate!)!] [Hanson’s] desire to get this matter resolved quickly,” but due to his having recently taken over that position, he would need more time to prepare for trial. The letter further suggested a potential trial setting in October or November 2010— more than a year after Hanson’s September 1, 2009, letter.
¶ 21. Having failed in his attempts to obtain a mutually agreeable trial date, Hanson filed a motion to set the case for trial on October 2, 2009. The majority, agreeing with the Court of Appeals and the trial court, inexplicably finds this motion a mere reaction to Harrison County’s motion to substitute counsel, rather than a *350 genuine effort to proceed with the case. A motion to set the case for trial may support a finding of clear delay by the plaintiff if it is filed in response to a motion to dismiss. Hillman, 14 So.3d at 727 (citing Hill v. Ramsey, 3 So.3d 120, 122 (Miss.2009)). In the context of this case, I fail to see how Harrison County’s motion to substitute counsel would indicate an attempt to have the case dismissed for failure to prosecute.
¶ 22. Given the sequence of events and Hanson’s efforts to communicate with opposing counsel, the record does not support a finding that Hanson’s motion to set trial was a mere reaction to a change in representation of one of the defendants. However, the record does support a finding of reactionary conduct, not by Hanson, but by the defendants. As Judge Russell astutely noted in her dissent, “it was only after Hanson’s counsel attempted to move forward with a trial by filing his motion to set trial that defense counsel reacted by filing a motion to dismiss for lack of prosecution.” Hanson v. Disotell, 106 So.3d 351, 359 (Miss.Ct.App.2011) (Russell, J., dissenting). While Hanson made efforts to proceed in the litigation, the record demonstrates that the defendants made attempts to avoid a trial.
¶ 23. Other than a period of inactivity (in the aftermath of a hurricane that was disruptive in the extreme) and the so-called reactionary motion to set the case for trial, the majority cites no reasons that would support our affirming a dismissal for failure to prosecute. Moreover, there is no finding that the passage of time prejudiced the defendants. The majority references the death of Ben Clark, but does not make a finding that his death was prejudicial to the defendants. In fact, Clark’s deposition had been taken in anticipation of his imminent death, and his estate had been substituted in his place before the case reached this Court on interlocutory appeal. As for certain witnesses having relocated, there is nothing in the record to support this assertion by the defendants, or, even if true, that this posed a problem for the defendants.
¶ 24. Finally, the only evidence to indicate the trial judge’s consideration of lesser sanctions is a perfunctory remark in his written order that “no lesser sanctions would suffice,” with no reference to what lesser sanctions, if any, he considered. When the trial judge announced his decision at the hearing on the motion to dismiss, he made no mention of lesser sanctions. Nothing in the record suggests that the trial court considered any sanction other than the one requested by the defendants — dismissal—a punishment “reserved for the most egregious cases.” Hillman, 14 So.3d at 726. From the totality of the circumstances appearing in the record, it is not apparent that the trial court should have done anything other than proceed to a trial on the merits.
¶25. Although a trial court may exercise its discretion in granting motions to dismiss for failure to prosecute, that discretion is not unfettered. We require more than a period of inactivity on the docket before a Rule 41(b) dismissal is appropriate, for the law favors trial of issues on the merits. AT & T, 720 So.2d at 181. In the present case, there was no clear record of dilatory conduct by Hanson or any circumstances that would warrant this most extreme sanction. Without the proper legal justification, the trial court erred in dismissing the case. Because I would reverse the dismissal for failure to prosecute, I respectfully dissent.
WALLER, C.J., AND KING, J., JOIN THIS OPINION.