KITCHENS, Justice,
dissenting:
¶ 42. Because dismissal with prejudice is an extreme sanction under the circumstances of Manning’s case, and because lesser sanctions would better serve the interests of justice, I respectfully dissent.
¶ 43. According to this Court, “dismissal with prejudice is an extreme and harsh sanction that deprives a litigant of the opportunity to pursue his claim, and any dismissals with prejudice are reserved for the most egregious cases.” Holder v. Orange Grove Med. Specialties, 54 So.3d 192, 197 (Miss.2010) (quoting Hoffman v. Paracelsus Health Care Corp., 752 So.2d 1030, 1034 (Miss.1999)). “A showing of delay or contumacious conduct is sufficient for a Rule 41(b) dismissal when a lesser sanction would not serve the best interests of justice.” Id. (citing Am. Tel. & Tel. Co. v. Days Inn of Winona, 720 So.2d 178, 181 (Miss.1998)) (emphasis added).
¶ 44. This Court continued, “[dismissals with prejudice] are reserved for the most egregious of eases, usually cases where the requisite factors of clear delay and ineffective lesser sanctions are bolstered by the presence of at least one of the aggravating factors.” Am. Tel. & Tel. Co., 720 So.2d at 181 (quoting Rogers v. Kroger Co., 669 F.2d 317, 320 (5th Cir.1982)) (emphasis added). And “[w]hile the requirements of a clear record of delay by the plaintiff and futile lesser sanctions have been articulated'the most consistently, several other factors have been identified as ‘aggravating factors.’ ” Id. (citing Rogers, 669 F.2d at 320 n. 3) (emphasis added).
¶ 45. I have not wavered from my assertion in Holder that “[consideration of lesser sanctions should consist of more than a passing, dismissive reference to a single option. Instead, the trial judge carefully should weigh all viable alternatives....” Holder, 54 So.3d at 202 (Kitchens, J., dissenting). The Holder majority referenced the following viable alternatives: “Lesser sanctions may include ‘fines, costs, or damages against plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings.’ ” Holder, 54 So.3d at 200 (quoting Am. Tel. & Tel. Co., 720 So.2d at 181).
¶46. With regard to the issue of consideration of lesser sanctions by the trial judge, Holder is virtually indistinguishable from the present case. There, when the trial judge asked the plaintiffs counsel what sanctions would be appropriate, and counsel indicated that a mere warning would be appropriate, the trial judge re *122 sponded: “What’s the purpose of a warning? Everybody is supposed to know the rules.” Holder, 54 So.3d at 200. According to this Court, the circuit judge sufficiently “considered lesser sanctions in his holding.” Id. So too, here, the majority states, “Felder argued that the case should remain on the docket and that, if he did anything wrong, he should be personally sanctioned instead of the case being dismissed.” The majority continued, “Felder further argued that dismissal of Manning’s case would be an extreme sanction.” The majority then reasoned that the circuit court’s duty with regard to a consideration of lesser sanctions was discharged when “Manning urged the circuit court to adopt lesser sanctions” and the court declined to do so. But, as in Holder, the circuit court in the present case considered only one of the viable alternatives to dismissal with prejudice.
¶ 47. In contrast, the circuit court in Hillman v. Weatherly “explicitly considered lesser sanctions, including fines, costs, or damages against Hillman or her counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, or explicit warnings.” Hillman v. Weatherly, 14 So.3d 721, 728 (Miss.2009) (emphasis added). Similarly, in Cox v. Cox, “that lesser sanctions were argued before the chancellor, that the chancellor considered all arguments prior to granting dismissal, and that the chancellor denied [Plaintiffs] motion for reconsideration, in which [Plaintiff] argued that lesser sanctions had not been considered, is sufficient to show that lesser sanctions were considered and rejected.” Cox v. Cox, 976 So.2d 869, 876 (Miss.2008) (emphasis added).
¶ 48. I declined to countenance the cursory analysis conducted in the lower court in Holder, and I decline to do so here. Approval of this approach permits our trial courts to deny litigants their day in court with a mere “passing, dismissive reference to a single option,” rather than conducting a reasoned and objective weighing of all viable alternatives prior to dismissal with prejudice, the ultimate sanction. Holder, 54 So.3d at 202 (Kitchens, J., dissenting).
¶ 49. The majority cites Holder for the proposition that “a plaintiffs dilatory conduct resulting in his case remaining stale for more than a year amounted to an unreasonable delay, and that ‘delay alone may result in presumed prejudice to the defendant.’ ” See Holder, 54 So.3d at 200. In my dissenting opinion in Holder, I pointed out that the majority presumed prejudice without explanation, and the majority does likewise in the present case. Holder, 54 So,3d at 202 (Kitchens, J., dissenting). The Holder majority relied on Cox, where this Court found that, in a case delayed for want of prosecution by fourteen years, prejudice was presumed. Cox, 976 So.2d at 879 (“Given the length of time that has passed in this case, ... we find that [Defendant] is due some measure of presumed prejudice.”). In Holder, I noted that the delay was just over one year, or 435 days. Holder, 54 So.3d at 202 (Kitchens, J., dissenting). Here, Manning filed her complaint on July 14, 2010, and responded to KDMC’s Motion to Dismiss on August 3, 2012. The delay was just over two years, or 731 days. This 731-day delay is substantially shorter than the fourteen-year delay which the Cox Court reticently determined warranted a presumption of prejudice.
¶ 50. This Court also cites the Hillman case, in which we held that “the fact that a plaintiffs sole activity was reactionary ... supported a finding of a clear record of delay.” Hillman, 14 So.3d at 727 (citing Hill v. Ramsey, 3 So.3d 120, 122 (Miss.2009)). But there, Hillman was dilatory in responding to discovery for more than five years, and indeed “was personally respon *123 sible for spoliation of the evidence, because she did not disclose her prior medical history at her deposition, which prevented Weatherly from acquiring Hillman’s medical records before their destruction.” Id. at 727, 729. Though the record reflects that Manning may have been dilatory, her conduct cannot be said to rise to the level of misconduct manifested by Hillman-again, Manning’s procrastination lasted for just over two years. Her conduct certainly cannot be said to warrant a dismissal with prejudice.[33]
¶ 51. Even if Manning should receive some kind of sanction for being dilatory, for not obtaining other counsel, or for being out of state trying to regain her health when she should have been at home answering interrogatories, I disagree that the ultimate sanction of dismissal with prejudice is warranted here. I would, therefore, reverse the judgment of the Circuit Court of Lincoln County and remand for a consideration of lesser sanctions. Accordingly, I respectfully dissent.
DICKINSON, P.J., AND KING, J., JOIN THIS OPINION.

. The majority finds in the record that “Manning knowingly and intentionally left the state and did not provide a forwarding address to receive correspondence related to the lawsuit she personally initiated.” The circuit court stated that, "[tjhis is an extreme example for two years of a pro se plaintiff who would not take part in the litigation, did not give a valid address. That’s at best. At worst, she took active measures through family members to avoid service of any type of document in this case.” While Manning may have failed to give a valid address, for whatever reason, the only evidence that Manning took “active measures through family members to avoid service” came from a lawyer for one of the defendants. The lawyer stated that the process server told her that family members at the listed address, at the recommendation of Felder, refused to accept papers. Not only is this rank hearsay (which the circuit court failed to correct by declining to subpoena the process server for testimony), but also it is not direct evidence of any intentional misconduct on Manning's part. Felder explained that Manning, following her injuries at KDMC, went to Georgia seeking the care of relatives there. The majority cites no other evidence from the record to support its assertion that Manning’s dilatory conduct was intentionally obstructive.